CHITTENDEN,
January,.
1841.

DAN DAY *v.* ESSEX COUNTY BANK.

In cases of covenants by each party, to do concurrent acts, where the covenant of one party rests upon a consideration independent of the covenant of the other, the covenants are independent, and the failure of one to perform is no excuse for the non performance of the other.

Where the pleadings end in a demurrer to the replication, and judgment goes against the defendant, for the insufficiency of his plea in bar, the formal judgment is that that the " replication is sufficient."

The form of a special traverse defined.

In cases of submission to arbitration, where, as a consideration for the submission, the plaintiff releases the original cause of action, and then the defendant refuses to proceed, the rule of damages will be the plaintiff's cost and expenses, and the value of the claim or cause of action, which was released. —

An action may be sustained in this state against a foreign banking or other private corporation.

*Quære.* Whether such action will lie against a municipal corporation of another state ?

COVENANT, upon an instrument, in writing, executed under seal by the plaintiff and defendants, of the following tenor ;

'Dan Day commenced his action of trespass against Ud-
'ney H. Penniman for taking away his timber and spars,
'which suit is now pending in Chittenden county court.
'The specification of said trespass is for taking a lot of spars
'and timber, rafted and lying at the wharf, in Burlington,
'claimed by Day as his property, the taking being by
'virtue of an execution at the suit of the Essex County Bank
'against Nathaniel Blood, jr., on which said Penniman re-
'turned, that, on the 9th day of June, 1835, he sold
'3,455½ inches in 137 spars, and 9,073½ cubic feet of
'square timber for 78 cents per inch for the spars, and 78
'dollars per thousand for the timber, amounting to $3,403,-
'02, which, with the interest on the same to this 7th day of
'March, 1837, and the costs, amounts to $3,778,36, and the
'said Day, at the request of said Essex County Bank, has
'discharged said Penniman, and he is hereby fully and abso-
'lutely discharged, and said suit ordered to be discharged,
'and, in consideration thereof, the said bank have in hand
'paid to said Day said sum of $3,778,36, and said Day,
'claiming a larger sum for said trespass, and said bank claim-

CHITTENDEN, 'ing that they have paid too much; it is mutually agreed by
January, 'said Day and said bank, that the question shall be submit-
1841.
'ted to the arbitrament of Harry Bradley and John Bradley,
Day 'of Burlington, Joseph Clark, of Milton, and Reuben Wha-
v. 'lon, of Essex county, New York, and each promises to the
Esssex Co. 'other to abide and perform said award, and said Day
Bank. 'agrees that if they award a less sum than what is paid, he
'will repay it on demand, and said bank agree that if said
'arbitrators shall award any sum beyond what is paid, they
'will pay it on demand. The said arbitrators to meet at the
'house of John Howard, in Burlington, on the first Monday
'of May, A. D. 1837, and make their award in writing as
'soon as may be thereafter, the said Day to procure the at-
'tendance of said Clark, and said bank the attendance of
'said Whalon.

'March 7th, 1837.'

The plaintiff averred, in his declaration, that he procured
the attendance of the said Clark, John Bradley and Harry
Bradley, as such arbitrators, at the time and place specified
in said written instrument, and also attended himself to sub-
mit his claims, in the premises, to the arbitrators so agreed
upon, and assigned the following breach of the covenant on
the part of the defendants, viz: " *that the said bank did
not attend, nor procure the attendance of the said Reuben
Whalon,*" whereby the said arbitrators were prevented from
making any award," &c.

It appeared, from the declaration, that the defendants were
a corporation establised at Keeseville, in the state of New
York.

The defendants pleaded, first, *non infregit conventionem ;*
secondly, *non est factum,* and, having prayed oyer of the
writing declared upon, pleaded, thirdly, ' that the plaintiff
' ought not to have and maintain his aforesaid action against
' the defendants, because they say, that, on the first day of
'May, 1837, being the first Monday in May, 1837, the time
' set for said arbitration in said instrument in writing, they
' duly attended at said John Howard's, and the said arbitra-
' tors continued the hearing until the second day of May, 1837,
' and on said second day of May, 1837, continued the same
' to the first day of June, 1837, at nine o'clock, in the fore-
' noon, at said John Howard's hotel, at which said time and

CRITTENDEN,
January,
1841.

Day
v.
Essex Co.
Bank.

'place neither the said Dan Day, nor any of the said arbitra-'tors in said instrument named, appearing to decide' said 'controversy, the said defendants, after remaining there 'through the day of the said first day of June, 1836, escaped 'and went at large, to wit, at Keeseville, as well they might,' concluding with a verification.

The first and second pleas were traversed, and issues joined to the court.

Replication to the third plea, 'that neither on the said first 'day of May, 1837, nor on the said second day of May, '1837, did the defendants procure the attendance of said 'Reuben Whalon, and that on the said first day of June, '1837, neither the said defendants nor the said Reuben 'Whalon attended at said John Howard's, and that the said 'Dan Day did attend by himself and counsel, at said How-'ard's, on said first day of June, 1837, and did procure the 'attendance of said arbitrators, John and Harry Bradley, and 'Joseph Clark, *without this* that neither the said Dan Day, 'nor any of said arbitrators, appeared to decide said cause, 'and this he is ready to verify,' &c.

To this replication there was a demurrer and joinder.

Upon the trial of the issues of fact in the county court, the facts were found for the plaintiff. On hearing the demurrer to the replication to the third plea; the county court rendered a judgment " that the plea is insufficient."

On the assessment of damages, the plaintiff claimed that he was entitled, not only to recover the cost he was put to before the arbitrators, but, also, the difference between the sum paid the plaintiff by defendants for the timber, taken away by Penniman, and the actual value of the timber. The defendants insisted that the rule of damages was only the expense the plaintiff was put to before the arbitrators, which was agreed by the parties to be but five dollars. The court found the value of the timber taken by Penniman, over and above the amount paid by the defendants, with interest, to be $1,232,67, and a judgment was rendered for the plaintiff to recover that sum. The defendants excepted to the decisions and judgment of the county court.

*J Maeck*, for defendants.

I. Although the third plea does not allege, in positive terms,

CHITTENDEN,
January,
1841.
———
Day
v.
Essex Co.
Bank.

that the defendants procured the attendance of Whalon, as arbitrator, on the first day of May, 1837, yet, it is necessarily implied in the allegation that the arbitrators continued the hearing; and the plaintiff could have traversed that fact. If so, it is a sufficient answer to the declaration. Stephen on Pleading, 236, *et seq.* 1 Saund. R. 312, note 4.

The replication to the plea is so ill that it would be useless to particularize its defects.

The inducement is bad in not being merely an answer to the plea, but containing a direct denial. Stephen on Pleading, 226, 231, and cases cited.

The traverse itself is bad, for, if found for the plaintiff, he would be entitled to recover, though he neglected to procure the attendance of Clark, as an arbitrator, whose attendance the plaintiff covenanted to procure.

It is also double.

The plaintiff is entitled to recover on the breaches assigned by him, and not upon others disclosed by the plea, which do not appear from the declaration. *Marsh* v. *Bulteel,* 7 C. L. R. 175.

By the oyer, the whole instrument is brought upon the record and becomes a part of the plaintiff's pleading, and we insist that it contains no covenant on the part of the defendants to procure Whalon's attendance.

II. The demurrer enables us to avail ourselves of other objections. And we insist that a corporation, created by, and doing business in, a foreign state, cannot be sued here. *McQuinn* v. *Middletown,* 16 Johns. R. 6.

The Bank had no power to enter into the covenant declared upon. It was created for banking purposes, solely, and had no authority to become bail for, nor to indemnify trespassers. *Salem Bank* v. *Gloucester Bank,* 17 Mass. R. 29.

III. The rule of damages adopted by the county court was erroneous. If the plaintiff is entitled to recover any thing, we insist that his actual expenses are all that he can recover. The covenant of defendants extends to nothing more.

*C. Adams,* for plaintiff.

It appears, by the pleadings, and the covenant therein set forth, that the plaintiff's timber and spars have been taken

by the order of the defendants, and sold ;—that, at the de-
fendant's request, the suit against Penniman for the taking
has been discontinued, and Penniman discharged ;—that by
the neglect of the defendants, plaintiff has been prevented
from obtaining an award for the value of the timber and
spars.

The plaintiff, therefore, contends that he is entitled to re-
cover from the defendants what he has lost by the failure of
the defendants to perform their covenants.

It is clear from the case that the plaintiff would have re-
covered against Penniman the full value of the timber ; and,
had the defendants proceeded with the arbitration, as they
agreed to do, the plaintiff would have been entitled to an
award against them for the same. By their avoidance of the
award, they subject themselves to a claim on their covenants
to what would have been awarded.

The opinion of the court was delivered by

REDFIELD, J.—The court have not been able to find much
ground to doubt whether a private corporation of another
state could be held to answer to an action in our courts.
We can see no very good reason why artificial persons
should not be liable to suit in the courts of another
state, as well as natural persons. It is not necessary to in-
quire how far public or municipal corporations could be held
to answer suits in a foreign jurisdiction.

The court think the plea in bar, in this case, is defective. It
does not meet the breach assigned, either by denying it or af-
fording any sufficient excuse. Where the parties are to-per-
form concurrent acts, and the plaintiff's act forms the basis or
consideration of defendant's act, the defendant may always
excuse himself from performance by relying upon the failure
of the plaintiff. Lawrence v. Dole, 11 Vt. 459. But where
defendant's act, as in the present case, rests upon an inde-
pendent consideration, he cannot excuse himself by showing
a failure to perform on the part of the plaintiff. Boon v.
Eyre, 1 H. Black 273. Pordage v. Cole, 1 Saund. R. 320.
(4) c. Hence, all that is said in the plea of the failure of the
plaintiff to perform is irrelevant. For, non constat, if defendant
had performed on his part, that the arbitration would not have

CHITTENDEN,
January,
1841.

Day
v
Essex Co.
Bank.

proceeded. The defendants would at least have been released from their obligations.

The substantive part of the breach assigned in the declaration is, that defendants did not attend nor procure the attendance of Reuben Whalon, at the time and place set for trial. This is a sufficient breach, for without this the hearing could not, by the terms of the submission, be had. The plea is, that, at the time set for trial, the arbitrators continued the hearing one day, and then one month, and at the third day appointed, neither the arbitrators nor the plaintiff attended; for the very sufficient reason, doubtless, that there was no hope of meeting either defendants or Reuben Whalon, whose attendance defendant had undertaken to procure. But, at all events, this is no excuse for defendant's failure to perform the contract on his part. There is no pretence of performance on the part of the defendants urged in the plea, and, as we have seen, no excuse. The plea is, therefore, fatally defective ; and the judgment of the county court, to that effect, is correct in substance, although in form, according to the precedents, it should have been that the replication is sufficient, instead of the plea in bar insufficient.

We do not intend to say that the replication is absolutely formal, but only that it is a good enough replication for a bad plea. There is something rather anomalous in the form of the replication, which was doubtless induced by the double aspect of the plea in bar. The special inducement of the traverse, and the negative or *absque hoc* clause, instead of being, as they should be, the one the affirmative and the other the negative of the same proposition, are wholly independent of each other. A special traverse, in its simplest form, is not very unlike some of the eastern forms of speech found in the Holy Scriptures : " Thou shalt die and not live !" " He shall see for himself and not another." There are found many modes of speech among the ancient Greeks not very dissimilar. It consists of an affirmative, not compatible with the adversary's former pleading, and a negative, in direct contradiction to it.

In regard to the rule of damages adopted by the county court, it is undoubtedly novel, and so is the case, but we do not see that it is objectionable. In actions of contract, the party recovering is always entitled to recover what he has lost

CHITTENDEN,
January,
1841.

by the default of the defendant. He is entitled to be placed in as good condition as that he would have been in, had the defandant performed his contract. In ordinary cases of sub-mission to arbitration, where there has been a failure to proceed, the other party is entitled to his costs and expenses. And this is all he has lost, the cause of action still remaining. But here the cause of action was released, as the consideration of the submission. It must be recovered here or finally lost to the plaintiff. We see no objection to its being included here, as the measure of damage, together with costs and expenses. Judgment affirmed.