BARNETT v. HIGHTOWER. See Case No. 1,009.

## Case No. 1,025.

### BARNETT v. LUTHER.

[1 Curt. 434.] [1]

Circuit Court, D. Massachusetts. Oct. Term, 1853.

ADMIRALTY—JURISDICTION—NOMINAL DAMAGES.

The admiralty will not entertain suits for merely nominal damages in cases of personal torts, not involving any subject-matter beyond such a claim for damages.

[1] [Reported by Hon. B. R. Curtis, Circuit Justice.]

[Appeal from the district court of the United States for the district of Massachusetts.

[In admiralty. Libel by Andrew Barnett against Daniel B. Luther for assault. The district court gave a decree for respondent, (unreported.) Libellant appeals. Affirmed.]

This was an appeal from the district court by the libellant, in a cause of damage. The libellant was a seaman on board the bark Mary R. Barney, and alleged in his libel an assault by the master and mate of that vessel, for which he claimed damages. The facts appear in the opinion of the court.

CURTIS, Circuit Justice. It appears, from the evidence in this case, that the libellant had been engaged in painting the mizzenmast head, and when he came down to dinner, left the paint-pot so carelessly secured, that by the motion of the vessel the paint was thrown down on the house. The master ordered the man to be called from the forecastle; and when he came on deck, the mate ordered him to go aloft and take his paint-pot down. The man went; but as he passed aft, he used insolent language towards the officers, who were all on deck. The master ordered him to be silent, and told him he would flog him if he did not obey; but he continued to grumble, as the witness expresses it, until he came down to the deck, and then he passed over to the weather side, where the master was standing, and stopped near him, looking at him, as the only witness who describes the occurrence says, with an insolent look. The master took the top-gallant brace, and struck him with the end of it over the shoulder; the man instantly seized the master, and they fell together on the deck. The man put his hand back, as if feeling for his sheath-knife; but he had left it below. The second mate then interfered; the master got up, the man rose to his feet, and immediately struck the second mate, who returned the blow; they seized each other, the second mate threw him down, and while down, struck him once or twice in the face. The man was then put in irons until the next morning, but not deprived of his food. The next day he was set at liberty.

This case has been argued upon the ground that a technical assault by the master is made out by the evidence; and that, since the act of congress of September 28, 1850, (9 Stat. 515,) abolishing the punishment of flogging in the navy and in vessels of commerce, the master cannot justify his act of striking the seaman, even though his insolence deserved punishment. And it was stated by the counsel for the libellant, that this appeal had been brought here to try that question. To determine what is the precise effect of this act of congress upon the authority of the master of a vessel to inflict punishment upon the crew, is a matter of no small difficulty, and of very great importance. It is a question which should be settled only after great consideration, when it shall become necessary to do so. This case does require it. For if it were admitted that in an action at law, this seaman could recover nominal damages for the blow inflicted by the master, it does not follow that the admiralty will award him nominal damages. A court of admiralty is a court of equity acting on marine affairs. As such, it regards and protects only substantial rights. Merely nominal claims, which do not amount to any substantial right, and are not so connected with any substantial right as to be necessary to its vindication, are not subjects of relief here. It is true that a claim for nominal damages may be so connected with a substantial right, as to present the only means of trying and vindicating it. And in such a case, though the damages are nominal, the subject-matter of the suit may be important, and a fit subject of litigation. Cases in which, by acquiescence for a length of time, an adverse right may be gained, are of this description. And at the common law, the prevailing party having a legal right to costs, which is of itself a substantial right, it is necessary to decide claims to nominal damages upon strict legal principles, even where nothing but a question of costs is involved. But in the admiralty the costs are in the discretion of the court, and do not depend upon the question whether the libellant recovers one dollar or nothing.

In this case, the libellant was, throughout, in the wrong. He was negligent, in not properly securing the paint-pot. He was grossly in fault for his insolence to the master, and his disobedience of his order to be silent; and still more for confining the master, and striking the second officer. He amply deserved quite as much punishment as he received. And if, which I do not intend to decide, there was a departure by the master from the strict line of his authority, when he struck the libellant with a rope, the provocation was so great, the blow so slight, and the conduct of the libellant so insubordinate and violent, that he could in no event recover more than nominal damages. These, for the reasons already suggested, I do not feel bound to award to him.

The decree of the district court is affirmed.