HATTIE B. SAWYER *v.* THE NORTH AMERICAN LIFE INSURANCE
COMPANY.

*Jurisdiction. Foreign Insurance Companies. Gen. Sts. ch. 87,
§ 5, et seq. Construction of Statutes.*

Assumpsit upon a policy of life insurance, issued to the plaintiff and her husband jointly,
and payable to the survivor upon the death of either. The defendant was a foreign
corporation, established under the laws of New York, and located and doing bu-iness
there, and the plaintiff was a resident of Minnesota. The contract of insurance was not
made, nor was it to be performed, in this state. The plaintiff's husband died in this state;
but it did not appear that either he or the plaintiff was domiciled here at the time of his
death. The writ was not served by attaching the defendant's property, but only by leav-
ing a copy thereof with F., of this state, "agent and attorney" of the defendant. F. did
not appear in the suit; and there was nothing to show what authority he had from the
defendant, only that he was described in the writ as its "general agent and attorney;"
nor to show that he was ever appointed the attorney of the defendant, pursuant to the
statute relative to foreign insurance companies; nor that the defendant ever made, or
was making, any contract of insurance in this state. *Held*, that the county court had no
jurisdiction over the cause of action, and that, assum ng that F. was appointed attorney
of the defendant pursuant to said statute, upon such service merely, the court acquired no
jurisdiction of the defendant.

*Held*, also, that said statute (§ 5 et seq. ch. 87, Gen. Sts.) was not intended to give the courts
of this state jurisdiction over causes of a·tion that accrued out of the state, in favor of
persons not citizens of the state, against a corporation existing out of the state; but to
provide a method of obtaining jurisdiction over defendants to causes of action upon con-
tracts of insurance made in the state, accruing to the people of the state, such as the
courts had jurisdiction of before the passage of the act.

A statute is to be construed with reference to the old law, the mischief, and the remedy.

ASSUMPSIT upon a policy of life insurance. The defendant
pleaded to the jurisdiction, because said cause of action, if any
the plaintiff had, accrued to her in the city, county, and state of
New York, within ·the jurisdiction of the courts of said county,

and not within the county of Windham, within the jurisdiction of the county court of said county ; and moved to dismiss for the same cause. The case is fully stated in the opinion. The court, at the September term, 1873, BARRETT, J., presiding, sustained said plea and motion, *pro forma*, and adjudged that the writ abate for want of jurisdiction ; to which the plaintiff excepted.

*C. N. Davenport*, for the plaintiff.

There is nothing in the form or nature of the action, that prevents jurisdiction from attaching. It is a *personal* action, seeking for nothing but the recovery of money, and therefore *transitory*, and not local. Gould Pl. ch. 3, § 112. Courts of *general* jurisdiction, like our county courts, have cognizance of all transitory actions, wheresoever the cause of action may have accrued. Gould Pl. ch 5, § 19. And jurisdiction attaches if either the person or the property of the defendant, are found within the state, so that service of process can be made. *Society, &c.* v. *Ballard et al.* 4 Vt. 119 ; *Skinner et al.* v. *McDaniel*, 4 Vt. 418 ; *Beech* v. *Abbott*, 6 Vt. 586 ; *Gilman* v. *Thompson*, 11 Vt. 643 ; Story Confl. Laws, §§ 539, 556–7–8. The defendant's company has complied with the conditions of §§ 5 to 9, ch. 87 of the Gen. Sts., and has appointed Sumner Frost its attorney. "Service of process upon such attorney shall be deemed to be sufficient service upon his principals." Section 9.

Three objections were made and insisted upon in the court below. 1. That the contract was made and the cause of action accrued in New York, and therefore no action would lie for its breach in any other state. No authorities need be cited to show the fallacy of this proposition. Debts have no *situs*. Such a contract as this, can be enforced wherever the common law prevails, in any court of general jurisdiction, having within reach of its process either the person or property of the debtor.

2. That the defendant, being a corporation created by the state of New York, could have no such extra territorial existence as would enable a party to sue it elsewhere than in the state of New York. I am aware that authority can be found to support this objection. It has been decided in New York and Massachu-

setts, that a foreign corporation could not be sued in the courts of those states. The reason assigned is, that process must be served upon the principal officer, or head of the corporation, within the jurisdiction of the sovereignty where the artificial body exists. *McQueen* v. *Middletown Manufacturing Co.* 16 Johns. 5 ; *Peckham* v. *Haverhill*, 16 Pick. 274. So far as these cases are based upon the peculiar language of local statutes, they have no authority or significance here. No reason founded upon principle or comity exists, why an artificial person should not, as to the right to sue, and the liability to be sued, stand in a foreign state upon precisely the same ground as a natural person. Wherever a corporation is permitted to make contracts and assume liabilities, it must, from necessity, there have also the power to sue and be sued. Story Confl. Laws, § 557. For all purposes of suing and being sued, corporations are treated like natural persons. The United States courts, in construing that clause of the constitution which extends their judicial power to controversies between "citizens of different states," treat a corporation as a citizen. *U. S. Bank* v. *Deveraux*, 5 *Cranch*, 61 ; *Louisville R. R. Co.* v. *Letson*, 2 How. 558; *Cowles* v. *Mercer County*, 7 Wal. 118 ; *Express Co.* v. *Kountze Brothers*, 8 Wal. 342. Since the case of the *Dutch West India Co.* v. *Van Moyses*, decided in 1727, and reported in 2 Ld. Raym. 1535, and 1 Stra. 612, the right of a foreign corporation to sue in the courts of law and equity in England, has never been questioned. I think no case can be found in the United States holding a different doctrine. Angell & Ames Corp. § 373 ; TANEY, Ch. J., in *Bank of Augusta* v. *Earle*, 13 Pet. 591 ; *Day* v. *Essex Co. Bank*, 13 Vt. 97 ; *Libby* v. *Hodgdon*, 9 N. H. 394; Abbott Corp. 822, § 32.

That there was no property of the defendant in this state, and that all its corporate personality was within the state of New York, and therefore jurisdiction could not be assumed by a Vermont tribunal, because it is necessary either that the person or property be within the reach of the court taking jurisdiction. This objection is plausible, but it will not bear examination. It is founded upon the assumption that a corporation, like a natural person, is a tangible, visible, united creation, incapable of being

in but one place at the same time, and that one place, the place of its birth or creation. Whereas, in the language of Ch. J. MARSHALL, "It is an artificial being, invisible, intangible, and existing only in contemplation of law." There is another view which furnishes a conclusive answer to this objection. The defendant is a foreign corporation. This state had a right to exclude the defendant's agents from its territorial limits, and wholly prohibit them from negotiating policies or transacting business here. It had a right, also, to permit the defendant to do business here, on condition that it should have an officer representing the corporation within this state, through whom our courts might obtain jurisdiction. The legislature has prescribed the condition. Defendant has complied with it, and is now estopped from denying that service made upon its agent confers jurisdiction.

But it may be contended that if it be true, that defendant is liable to be sued in the courts of Vermont, this liability is confined to those persons who have taken policies in the company, through Vermont agents. It is a sufficient answer to this objection, that there is no restriction in the statute, confining its benefits to any particular class of persons. Neither citizenship or residence here, is necessary to give a plaintiff a *status* in court. Our courts are open to foreigners as well as residents, to aliens equally with citizens. The statute regulating process, contemplates and provides for suits where neither party resides in the state.

*Field & Tyler* and *H. L. Parker*, for the defendant.

The plaintiff is a resident and citizen of Winona, Minnesota; the defendant is a corporation, created and existing under the laws of the state of New York, and having its place of business there. It has no property in Vermont, and there was no attachment of property on this writ.

It is not pretended that the policy was made or solicited in Vermont, or that the agency in Vermont had any connection with it. On the contrary, it appears from the record that the contract of insurance was not made in this state. *Pomeroy* v. *Manhattan Life Ins. Co.* 40 Ill. 398; *Bailey* v. *Hope Ins. Co.* 56 Me. 474.

If there are no reasonable grounds to sustain jurisdiction, all proceedings should be set aside on preliminary motion.

The question is, does the case stated come within the intent of the legislature in ch. 87 of the Gen. Sts. ? Previous to this act, this court could take jurisdiction, under the common law and general statute law, only by having within the territory the person or the property. If neither the defendant's person nor property is found here, the court can have no jurisdiction over him. *Bates* v. *Downer*, 4 Vt. 178 ; *Skinner et al.* v. *McDaniel*, 4 Vt. 418 ; *Thompson* v. *Colony*, 6 Vt. 91 ; *Gilman* v. *Thompson*, 11 Vt. 643 ; *Lawrence* v. *Smith et al.* 5 Mass. 362 ; *Hall et al.* v. *Williams et al.* 6 Pick. 232 ; *Buchanan* v. *Rucker*, 9 East, 192 ; Story Confl. Laws, 586 ; *Andrews* v. *Herriot*, 4 Cow. 508, and n. ; *Noyes* v. *Butler*, 6 Barb. 613. At common law, a corporation could be sued only by proceedings in the nature of attachment of property or distress. *Langley* v. *Bailiff, &c.*, Barnes's Notes, 415. In Massachusetts it has recently been held that a foreign corporation can be sued there only by means of an attachment of property, unless jurisdiction otherwise is expressly given by statute. *Andrews* v. *Mich. Central R. R. Co.* 99 Mass. 534. A non-resident of Vermont cannot be held to answer as trustee in the process of foreign attachment. Gen. Sts. ch. 34, § 5 ; *Peck et al.* v. *Barnum & Trs.* 24 Vt. 75. Even if within the state for a temporary purpose. *Baxter et al.* v. *Vincent*, 6 Vt. 614. The intent and meaning of the legislature in this enactment, is seen by a comparison of § 9, ch. 87, " Service of process upon such attorney shall be deemed sufficient service upon the principal," with § 48, ch. 33, " If the party is absent from the state," &c., where provision is made for a continuance of the action and an order of notice. In the case of a foreign corporation, if such service is obtained as would be good in the case of a domestic corporation, the court obtains jurisdiction over the personal body corporate, if the action is within the statute. But this jurisdiction is to be obtained by the voluntary agreement of the company and the actual acceptance of service by its agents, under the authority of the company. That this is so, would seem to follow, also, from the provisions of § 13, ch. 87, visiting a non-compliance with the pro-

visions of this chapter with a penalty upon the agent. Suppose in any case the company should prefer to pay the penalty, then the jurisdiction of the state could not be obtained over the person or the body corporate, but would remain the same as at common law. A judgment thus obtained, would have no validity in the courts of another state. *Lafayette Ins. Co.* v. *French et als.* 18 How. 404.

It is the duty of the courts so to construe statutes as to meet the mischief and to advance the remedy, and not to violate fundamental principles. *Hart* v. *Cleis*, 8 Johns. 41. When there is a discrepancy between statutes, they should be so construed that both may stand if possible. Every clause shall be presumed to have been intended to have some force and effect. *McCartee* v. *Orphan Asylum Society*, 9 Cow. 437 ; Opinion of Justices, 22 Pick. 571 ; 1 Kent Com. 162 ; *People* v. *Draper*, 15 N. Y. 532.

A statute should not be construed to work such a public mischief as would be a restriction upon the international privileges of foreign corporations to contract and be contracted with, unless such construction is required by the most explicit and unequivocal language. *People* v. *Lambier*, 5 Denio, 9 ; *Argumentum ab inconvenienti plurimum valet in lege*, Broom Leg. Max. 187 ; *Doe* v. *Newton*, 11 M. & W. 928 The intention of the legislature must govern, and to this intention, a literal construction of any statute must yield. In interpreting an act of Parliament, it is not in general a true line of construction, to decide according to the strict letter of the act ; but the courts will rather consider what is its fair meaning, and will expound it different from the letter, in order to preserve the intent. Broom Leg. Max. 549, 650 ; *Vincent* v. *Slaymaker*, 12 East, 372 ; *Bignold* v. *Springfield in re*, 7 Cl. & F. 109 ; 8 Exch. 860 ; *Church* v. *Crocker*, 3 Mass. 17 ; *Goddard* v. *Boston*, 20 Pick. 407. Whenever the intention of the makers can be discovered, it ought to be followed with reason and discretion, although such construction seem contrary to the letter. Bac. Ab. Statutes, 1 ; *People* v. *Utica Ins. Co.* 15 Johns. 358, 380. A thing within the letter of the statutes, is not within the statute, unless within the intention of the makers. *The King* v. *Younger*, 5 T. R. 449 ; *Proprietors of Margate*

*Pier* v. *Hannam*, 3 B. & Ald. 266 ; *Edwards* v. *Dick*, 4 B. & Ald. 212 ; *Jackson* v. *Collins*, 3 Cow. 89.

The general system of legislation upon the subject-matter of a statute, may be taken into view, in order to aid the construction of a particular statute relating to the same subject. *Fort* v. *Burch*, 6 Barb. 60, 75 ; *Holbrook* v. *Holbrook et al.* 1 Pick. 248 ; *Mendon* v. *County of Worcester*, 10 Pick. 234. A construction contrary to natural justice, or of practical inconvenience, should be rejected, if a different one is possible. *Donaldson* v. *Wood*, 22 Wend. 395. When the words are not explicit, the intention is to be gathered from the occasion and necessity of the law, the defect of the former law, and the designed remedy, being the causes which moved the legislature to it. Dwar. Stat. 52 ; *Pillow* v. *Bushnell*, 5 Barb. 156.

The design of the statute was, not to extend the *jurisdiction* of the state, but merely to facilitate the *service* of *process* in actions previously within its jurisdiction. *Cumberland Coal Co.* v. *Sherman*, 8 Ab. Pr. 243 ; *The Same* v. *Hoffman Coal Co.* 30 Barb. 159 ; *Camden Rolling Mill Co.* v. *Swede Iron Co.* 3 Vroom, (N. J.) 15. Beyond the territory within which it is created, a corporation acts only by comity, and is not subject to judicial authority or process, except by consent. *Lafayette Ins. Co.* v. *French*, *supra* ; *Smith* v. *Mutual Life Ins. Co. of New York*, 14 Allen, 336.

The law of a place where a contract is made, is to govern as to the nature, validity, construction, and effect of such a contract. *Pearsall et al.* v. *Dwight et al.* 2 Mass. 84 ; *Greenwood* v. *Curtis*, 6 Mass. 358 ; *Smith* v. *Smith*, 2 Johns. 235 ; *Thompson* v. *Ketcham*, 4 Johns. 285 ; *Sherrill* v. *Hopkins*, 1 Cow. 603 ; *Smith* v. *Mead*, 3 Conn. 253 ; *Pomeroy* v. *Manhattan Life Ins. Co. supra* ; *Bailey* v. *Hope Ins. Co. supra*. When Vermont therefore adjudicates a contract made in the state, she administers her own law. In this action she administers the law of a neighboring state, which is not obligatory here, and upon a corporation which, as to this action, has no existence here. The courts of other states, in their construction of similar statutes, so far as we have been able to examine, have limited them to the protection of citi-

zens of the state as to contracts made in the state, and have re-
fused to take jurisdiction, unless there be at least one of these
elements in the case: contract made within the state ; contract made
with a citizen of the state ; or an attachment of property within
the state. *Lafayette Ins. Co.* v. *French, supra; Smith* v. *Mutual
Life Ins. Co. supra ; McQueen* v. *Middletown Manufacturing
Co.* 16 Johns. 5 ; *Camden Rolling Mill Co. &c.* v. *Swede Iron Co.
supra; Howell* v. *Chicago & Northwestern R. R. Co.* 51 Barb.
378.
                                        •

The opinion of the court was delivered by

WHEELER, J. In the writ in this case, the defendant is set up
as " a corporation established by law, located in the city, county, ·
and state of New York;" the plaintiff as " of Winona, in the state
of Minnesota." The cause of action set forth in the declaration,
is for the breach of a contract made between the defendant on one
part, and the plaintiff and a person then her husband on the other,
the plaintiff and her husband being then of Milwaukie, in the
state of Wisconsin, the contract being in writing and dated at
New York, and containing a clause that it was not to be binding
until countersigned by a person named as being of Fitchburg,
Massachusetts. This contract therefore was not made, nor was it
to be performed, in this state. The substance of the contract was,
that upon the death of the plaintiff or her husband, the defend-
ant would pay to the survivor a certain sum of money. The dec-
laration alleges that the husband died at Brattleboro, in this state,
and that the cause of action accrued to the plaintiff upon his
death. It does not appear to be alleged that at that time he was
a resident, and therefore a citizen, of this state. But if that fact
were alleged, it is not alleged that the plaintiff was then a resi-
dent or a citizen of this state; and although the cause of action
accrued to her by his death, it accrued to her where she was, and
not where he died, unless she was domiciled where he died.
From these facts and considerations, it appears that the cause of
action on which this suit is brought, is not within this state ; and
also, that neither of the parties is situated or resident here.
When there is property of a defendant in a suit, situated in this

state, although neither defendant nor plaintiff is here so that personal service can be made, a suit may be brought here and maintained for the purpose of obtaining a judgment of the courts here upon the cause of action, and a sequestration of the property in satisfaction of the judgment. The law provides how service may be made in such a case, without making personal service, and authorizes proceeding to judgment upon such constructive service; but such a judgment is of no force anywhere only so far as it operates upon the property sequestered; and without some property within the jurisdiction to be affected by it, the court would not proceed to judgment at all. In this case the service was not by attaching property at all, hence there is no ground for maintaining the suit for the purpose of reaching any property here.

After describing the defendant corporation, as before stated, as of New York, the writ states, " Of which Sumner Frost, of Derby, in the county of Orleans, is general agent and attorney"; and the service made of the writ was by delivering a true copy, &c., to " Sumner Frost, agent and attorney " of the defendant. This agent and attorney has not appeared at all in the suit, and the important question in the case is, whether, upon this service merely, the defendant can be compelled to have this cause of action adjudicated upon and determined. Upon this question, it is to be borne in mind that there is nothing whatever in the case to show what authority this agent and attorney has from the defendant, more than the description of him by the words " general agent and attorney," before mentioned. Generally, service upon an agent and attorney is of no force to give jurisdiction over a principal. If service upon this agent is of any force for that purpose, it must be because of the provisions of the statutes relating to service of process upon foreign insurance companies. The provisions of those statutes do not apply to all foreign insurance companies, but only to those making contracts of insurance within this state. Gen. Sts. 556, §§ 5 to 9. There is nothing in all this case that has any tendency to show that this corporation ever made, or is now making, any contracts of insurance in this state. A foreign corporation, whether an insurance company, or of any other kind, may find it necessary to transact business in

90

other states, and if so, must do it by agents, and may, doubtless, do it by what are known as general agents. The statute does not provide for service upon such agents, but only upon those appointed in obedience to the statutes, by companies making contracts of insurance; and it does not appear that this agent was appointed at all in obedience to the statute, any more than it appears that this defendant needed to have an agent here in order to comply with the statute. Hence, as the case stands, the service appears to be upon a general agent and attorney, without appearing to be upon an agent appointed under the statute at all, unless it . is to be assumed, that because the defendant is an insurance company, any agent it may have in the state is such statutory agent. But assuming, as has been assumed in argument, that this agent was appointed in obedience to the statute, with all the authority that the statute provides should be conferred, there is still the question as to what cases the statutes were intended to reach. A statute is to be construed with reference to the old law, the mischief, and the remedy. When this statute was passed, the old law permitted the agents of any insurance company, foreign as well as domestic, to make contracts of insurance in this state, under which, causes of action would accrue to the people of the state within the jurisdiction of the state courts. The mischief was, that the jurisdiction of the state courts over these causes of action, would be unavailing, except upon voluntary appearance, for want of power in the courts to compel appearance. The remedy provided was, the requiring of any foreign insurance company making such contract, to keep an agent in the state, on whom service could be made. This would be a full remedy for all that mischief, without requiring such companies to keep an agent here on whom any process for any purpose could be served. There could be no advantage obtained for the people of the state, by providing means to give the courts of the state jurisdiction over causes of action that accrued out of the state in favor of persons not citizens of the state, against a corporation existing out of the state, and it is not to be presumed that the legislature intended to accomplish that purpose, unless that is the necessary result of the enactment. It is more reasonable to suppose that the intention was, to provide a

method for obtaining jurisdiction over a defendant to a cause of action that the courts had jurisdiction of before, than that it was to provide means for obtaining jurisdiction of a cause of action where none was had before, and of the parties also, by this compulsory appointment of an agent. This seems to be the construction of a similar statute, made in *Smith* v. *Mut. Life Ins. Co. of New York*, 14 Allen, 336, and in *Camden Rolling Mill Co.* v. *Swede Iron Co.* 3 Vroom (N. J.), 15. In this case, the court had no jurisdiction over the cause of action, nor over the plaintiff, otherwise than as she invoked it, nor over the defendant, otherwise than by service upon this statutory agent, assuming him to be such. This agent, for the reasons stated, is considered not to have been required by the statute, nor appointed by the corporation, for the purposes of such service of process in favor of a party not a resident, on a cause of action which did not accrue here, and which the court has no jurisdiction over; but only for the service of process upon non-resident corporations, to enforce causes of action that the court already had jurisdiction of, which was unavailing for want of jurisdiction of the defendant.

This decision is not at all in conflict with that made in *Day* v. *Essex Co. Bank*, 13 Vt. 97. In that case, the cause of action accrued in this state, and the corporation had appeared fully, and answered to the action by attorneys of the court where it was pending.

Judgment affirmed.