## PERKINS *v.* UNITED STATES ELECTRIC LIGHT CO.

*(Circuit Court, S. D. New York.)*

1. ENFORCING LIEN FOR PURCHASE MONEY—VACATING TRANSFER.

Equity will enforce a lien for purchase money, but it will not vacate a transfer because the purchase money has not been paid. The action to enforce the lien is in affirmance of the transfer, and the decree in such an action orders the property to be sold, or so much of it as may be necessary to discharge the lien.

2. AGREEMENT IN CONTRACT TO ARBITRATE—WHEN A BAR TO SUIT ON THE CONTRACT.

A simple agreement inserted in a contract that the parties will refer any dispute arising thereunder to arbitration, will not bar a suit at law by either

party upon the contract before an offer to arbitrate; but where the contract stipulates that the arbitration is to be a condition precedent to the right to sue upon the contract, or this may be inferred upon construction, no suit can be maintained unless the plaintiff has made all reasonable effort to comply with the condition.

3. CONTRACT FIXING MODE OF ASCERTAINING PRICE—SUIT TO ENFORCE.

Where parties in a contract fix on a certain mode by which the amount to be paid for property, which it is agreed one of the parties may have the privilege of purchasing, shall be ascertained, the party that seeks the enforcement of the agreement must show that he has done everything on his part to carry the agreement into effect. The cause of action is not perfect unless the prescribed mode of determining the extent of the liability has been pursued or has been dispensed with.

Motion for Preliminary Injunction.

*H. A. Banning,* for plaintiff.

*Butler, Stillman & Hubbard,* for defendant.

WALLACE, J.   The complainant moves for a preliminary injunction upon a bill filed to restrain the defendant from granting licenses or otherwise using the rights secured by several letters patent for inventions issued to the defendant.

The complainant engaged in the service of the defendant for a term of years at a salary under a written agreement, which, among other things, provided that the defendant should have the option of purchasing such inventions as complainant might make while in defendant's employ, pertaining to the art of lighting by electricity, at such price as might be agreed upon, or, in case the parties should be unable to agree upon the price, then at such price as should be fixed by three arbitrators; one to be selected by each party, and the two thus selected to choose the third.   The agreement further provided that the defendant should pay all expenses of procuring letters patent, and should hold all the letters patent and inventions, except such as it should elect to purchase, in trust for the complainant, and to assign them back to him upon being reimbursed the expenses. The defendant elected to purchase the several patents which are the subject of this suit; but the parties were unable to agree upon the price to be paid therefor.   Thereafter the defendant asked for an arbitration, selected an arbitrator, and notified the complainant.   The complainant refused to accede to an arbitration, and now insists upon his right to revoke, and to compel an assignment of the letters patent.

The patents having been issued directly to the defendant, it acquired the legal title.   It not only acquired the statutory title to the inventions, but this inured to it with the consent of the complainant,

and rightfully, under the terms of the agreement between the parties. The complainant has no paramount equity which can prevail against the title of the defendant. There is no equitable principle upon which complainant can found his right to relief. He is entitled to a transfer of such patents only as the defendant has not elected to purchase. If. it should be assumed that he is entitled to be paid for his patents what they are fairly worth, and that the defendant has refused without right to pay, the property is vested in the defendant, and the complainant's remedy is by an action to recover the consideration. Equity will enforce a lien for purchase money, but it does not vacate a transfer because the purchase money has not been paid. The action to enforce the lien is in affirmance of the transfer, and the decree in such an action orders the property to be sold, or so much of it as may be necessary to discharge the lien. *Mullikin* v. *Mullikin*, 1 Bland, 538, 541; *Wade's Heirs* v. *Greenwood*, 2 Rob. (Va.) 475; *Outton* v. *Mitchell*, 4 Bibb, 239. But the defendant has always been ready to carry out the agreement respecting the price to be paid for the patents it has elected to retain. Its conduct is agreeable to equity, while the complainant seeks the assistance of the court to abrogate an agreement fairly and deliberately made, and made for the express purpose of adjusting any differences that might arise between the parties without recourse to a legal tribunal. No authorities countenance his position.

It is familiar doctrine that a simple agreement inserted in a contract, that the parties will refer any dispute arising thereunder to arbitration, will not oust courts of law of their ordinary jurisdiction. Either party may sue the other upon the contract without having offered to arbitrate. He may be liable for damages for a breach of his agreement to arbitrate; but the agreement will not bar his suit. If, however, the contract stipulates that the arbitration is to be a condition precedent to the right to sue upon the contract, or if this may be inferred upon construction, no suit can be maintained unless the plaintiff has made all reasonable effort to comply with the condition. But under the agreement here there is no cause of action upon the facts as they exist. The agreement which creates the obligation of the defendant provides the mode by which the extent of the obligation is to be ascertained.

In *U. S.* v. *Robeson*, 9 Pet. 319, it was held that when the parties in a contract fix on a certain mode by which the amount to be paid shall be ascertained, the party that seeks the enforcement of the agreement must show that he has done everything on his part to

carry it into effect. The cause of action is not perfect unless the prescribed mode of determining the extent of the liability has been pursued or has been dispensed with.

In Story, Eq. Jur. § 1457, it is stated that "under a contract to pay the covenantee such damages in a certain contingency as a third person shall award, there is, in the absence of fraud, no cause of action either at law or in equity unless the award is made." This doctrine is abundantly supported by the adjudged cases. *Herrick* v. *Belknap*, 27 Vt. 673; *Hood* v. *Hartshorn*, 100 Mass. 117; *President, etc.*, v. *Pennsylvania Coal Co.* 50 N. Y. 250. The parties here selected the means of determining what price should be allowed for property, the value of which is always more or less speculative and conjectural. The case is one where it is peculiarly appropriate that they should be held to their contract according to its terms and intent.

The motion is denied.