## MUNSON v. STRAITS OF DOVER S. S. CO.

(District Court, S. D. New York. February 3, 1900.)

**1. ARBITRATION—AGREEMENT TO ARBITRATE—ACTION FOR BREACH.**
An agreement in a charter party to arbitrate any dispute which may arise between the parties, being purely executory, and ineffectual, under the settled rules of law, to oust the jurisdiction of the courts or debar either party from resorting thereto, will not afford the basis for an action by one party to recover damages for its breach, where defendant refuses a demand to arbitrate thereunder in the first instance, and exercise his legal right to bring suit.

**2. DAMAGES—BREACH OF AGREEMENT TO ARBITRATE.**
Where no action was taken under an agreement for arbitration beyond a demand and refusal to arbitrate, only nominal damages are recoverable for the breach of such agreement; the expense incurred in lawyer's fees and disbursements in a suit, above the expense of an arbitration, being a matter too uncertain and too much within the option of the parties to be made the legal basis for damages.

**3. JUDGMENT—EFFECT AS ADJUDICATION—REFUSAL TO AWARD COSTS.**
The refusal of a court, when within its equitable discretion, to award costs or disbursements to a successful party, is an adjudication which precludes such party from maintaining an independent action for their recovery.

In Admiralty. On exceptions to libel.

Wheeler & Cortis and Charles S. Haight, for libelant.'
Convers & Kirlin, for respondent.

BROWN, District Judge. The above libel was filed to recover $505.56, the damages alleged to have been sustained by the libelant in "lawyer's fees and disbursements" arising from the defendant's refusal to arbitrate a matter in dispute between the parties under a charter party. The agreement to arbitrate is contained in the following clause of the charter:

"That should any dispute arise between the owners and the charterers, the matter in dispute shall be referred to three persons at New York, one to be appointed by each of the parties hereto, and the third by the two so chosen; that their decision, or that of any two of them, shall be final, and for the purpose of enforcing any award, this agreement may be made a rule of the court."

The dispute arose on a claim of the defendant as owner of the steamship Straits of Dover against the present libelant, as charterer of the steamship, to extra compensation for a detention of the steamer beyond the charter period. The present libelant offered to arbitrate that dispute, which was refused by the present defendant, which thereupon filed its libel in this court against the present libelant in personam for the recovery of a considerable sum for the detention. The case turned upon the proper construction of some of the clauses of the charter, and resulted in the dismissal of the libel without costs. 95 Fed. 690. In the present libel it is alleged that in that action "the libelant incurred the expense in lawyer's fees and disbursements of $555.56"; that "the expense of arbitrating the claim would not have exceeded the amount of $50"; and the libelant therefore claims an "indebtedness to him of $505.56."

The respondent has filed exceptions (1) that the libelant does not state facts sufficient to constitute a cause of action; (2) that the alleged damages are remote and not recoverable, and (3) are at most nominal.

The agreement in this charter to arbitrate, was purely executory and prospective. It related to no particular dispute, but covered alike the entire subject of any matter in dispute that might thereafter arise. If valid, it would debar either party from a resort to the legal tribunals and oust the courts of jurisdiction. Such agreements ever since Lord Coke's time, and even before, have been held to be no defense to an action in the courts. In Kill v. Hollister (1746) 1 Wils. 129, upon a similar defense it was said:

"If there had been a reference depending, or made and determined, it might have been a bar, but the agreement of the parties cannot oust this court; and as no reference has been, nor any is depending, the action is well brought, and the plaintiff must have judgment."

In Thompson v. Charnock, 8 Term R. 139, which was an action upon a charter party, Lord Kenyon upon demurrer to a plea setting up a similar agreement to arbitrate, said:

"It has been decided again and again that an agreement to refer all matters in difference to arbitration is not sufficient to oust the courts of law or equity of their jurisdiction."

In Scott v. Avery, 5 H. L. 811, an agreement that no action should be brought on certain policies of marine insurance until the amount of the loss had been fixed by arbitrators, was sustained on demurrer, as an exception to the general rule, which was recognized to be as above stated. Baron Martin observes as respects agreements to arbitrate the whole matter, that they are "binding and operative if the parties choose to act upon them, but revocable at their will" (page 829).

Crompton, J., observes (page 835):

"It is a legal incident to every contract that the parties should have a right to resort to a court of law for the settlement of their disputes; and a stipulation to the contrary is void, as being repugnant to the rest of the contract."

And the Lord Chancellor (page 847) says:

"There is no doubt that when a right of action has accrued parties cannot by contract say that there shall not be jurisdiction to enforce damages in respect of that right of action; * * * parties cannot enter into a contract which gives rise to a right of action for the breach of it, and then withdraw such a case from the jurisdiction of the ordinary tribunals."

The general principle above stated has been universally followed in this country in very numerous cases, which will be found collated in 2 Am. & Eng. Enc. Law (2d Ed.) p. 570, etc. See Insurance Co. v. Morse, 20 Wall. 445, 450, 22 L. Ed. 365; The Excelsior, 123 U. S. 40, 51, 8 Sup. Ct. 33, 31 L. Ed. 75; Seward v. City of Rochester, 109 N. Y. 164, 16 N. E. 348; 2 Pars. Cont. (8th Ed.) p. 708.

An agreement, however, to submit to arbitration a question of price, value, quantity or damage merely, as it does not oust the courts of jurisdiction of the cause, has long been held to be valid. Scott v. Avery, supra; Hamilton v. Insurance Co., 136 U. S. 242, 10 Sup. Ct. 945, 34 L. Ed. 419, and cases there cited; Perkins v. Light Co., 21 Blatchf. 309, 16 Fed. 513; Delaware & H. Canal Co. v. Pennsylvania Coal Co., 50 N. Y. 250; Sweet v. Morrison, 116 N. Y. 19, 22 N. E. 276. These constitute a second group of arbitration cases wholly distinguishable from the first.

In many of the cases in which it is held that the agreement to refer prospective disputes is no bar to an action, it is also intimated that the party may have an action for damages for the breach of the agreement to refer; and it is upon this ground that the libelant bases the present action. But it is a singular circumstance that notwithstanding the frequent repetition of this intimation, no case is to be found in which, upon a mere refusal to arbitrate and where no action had been taken by either party under the agreement to refer beyond a mere request and refusal to arbitrate, any damages have ever been recovered, or any other than nominal damages have ever been indicated to be recoverable, because too loose, indefinite and incapable of verification.

There are indeed numerous cases, which may be said to form a third group, in which damages have been recovered for the re-

fusal to proceed after an actual submission to arbitration has been made and entered upon, and which is afterwards revoked by the defendant. In such cases it is manifest that there may be very appreciable and definite expenses, damages, or losses caused by the revocation,. which are the direct and proximate result of the defendant's breach of the submission, in .reliance on which the plaintiff has acted; and for such damages upon the ordinary principles of law, a recovery should be had. See cases collated 2 Am. & Eng. Enc. Law (2d Ed.) pp. 602, 603. All the cases cited by the libelant in which damages have been recovered, are either of this latter kind or else belong to the second group of cases above referred to, in which the limited agreement to arbitrate as to price, damage, etc., is held to be valid.

The present case does not belong to either of these two latter classes. It is purely an executory agreement to submit, as I have said, prospective disputes, if any such should arise in the future, and covering also the entire subject of dispute; so that the present agreement falls wholly within the first class of cases referred to. Upon such a purely executory agreement, where no action has been induced or taken by either party beyond an offer and a refusal to submit, the authorities seem to be that only nominal damages are recoverable. In Russ. Awards (8th Ed.) p. 62, it is said:

"As it is ordinarily drawn up, usually only nominal damages are recoverable for the breach of the agreement to refer; for the jury generally can have no means of calculating the amount."

And this is repeated in Morse, Arb. p. 96.

The case cited of Day v. Bank, 13 Vt. 97, has no application here, as in that case there was a submission under the agreement of arbitration, which the defendant refused to attend, after having thereby induced the plaintiff to discontinue a prior suit and to discharge a sheriff's seizure of property under it. In Tattersall v. Groote, 2 Bos. & P. 131, Lord Eldon sustained the demurrer to a complaint for damages in refusing to submit to an arbitration. He says (page 135):

"This is quite clear, that there is no instance of such an action as the present having ever been brought in a court of law; and it is equally clear that though courts of equity will decree the specific performance of reasonable covenants, where substantial damages cannot be obtained in a court of law, yet no man I apprehend ever heard of a suit in equity to compel the specific performance of a covenant to refer disputes to arbitration. * * * In the discussion of Mitchell v. Harris, 2 Ves. Jr. 129, the counsel were asked by the lord chancellor if an action like the present had ever been known in a court of law, and it was admitted that no instance was to be found. It would be difficult to direct a jury upon what rule to proceed in assessing damages in such an action."

In Street v. Rigby, 6 Ves. 815, it was again stated by the lord chancellor that only nominal damages could be recovered for the breach of such an agreement, except upon a further agreement for liquidated damages for a refusal to submit. In Brunsdon v. Board (1884) 1 Cab. & L. 272, the defendant having paid into court one shilling as nominal damages for the breach of the covenant to refer to arbitration, it was held that the plaintiff could recover noth-

ing but nominal damages for that breach, the court finding that there were no merits in the plaintiff's demand. In Livingston v. Ralli, 5 El. & Bl. 132, indeed, a demurrer to a claim for damages for breach of an executory agreement to refer, was overruled. The nature of the damages there claimed is not stated; and in reference to that point Coleridge, J., observes (page 136):

"It is said that the damages in such a case can be only nominal; supposing it were so, that would not bar the action; but it seems to me very difficult to maintain that the damages in such a case may not be substantial."

There undoubtedly may be damages arising from the subsequent conduct. of the parties based upon that agreement, as in Day v. Bank, supra; but nothing of that kind is here alleged. The case of Donegal v. Verner, 6 Ir. R. C. L. 504, cited as in accord with Livingston v. Ralli, was in fact only an agreement to refer to arbitrators the valuation of a rental; as in Perkins v. Light Co., 21 Blatchf. 308, 16 Fed. 513, the agreement to refer related only to the value of certain inventions; and of the same nature was the agreement in Thomas v. Fredricks, 10 Adol. & E. (N. S.) 775, as to a valuer of damage by game. All of these cases belong to the second class of cases above named, and have no bearing upon the present case.

The fact that diligent examination fails to find any case in which substantial damages have ever been recovered for a mere refusal to perform an executory contract to refer to arbitration, militates strongly against the existence of any recognizable legal damage, except where some further steps have been taken by an actual submission, or by some other action based on the agreement to refer involving actual loss or damage through the refusal to proceed.

The libelant on the argument urged that the produce exchange, in its provisions for arbitration, offers a much cheaper forum for the settlement of disputes than is found in the courts. Even if this be so, this agreement to arbitrate was not an agreement to refer to the produce exchange. The libel states, indeed, that "the expense of arbitrating the claim would not have exceeded $50"; and that in the necessary defense of the suit "he incurred the expense in lawyer's fees and disbursements of $555.56." But a hearing before arbitrators or before the courts, and the expense of each, is largely such as the party chooses to make it. If presented in the same way before each, the proceeding in court should be cheaper, since that is free, or nearly so, while arbitrators must be paid. Counsel may as well be employed in the one case as in the other; and in either, the amount and kind of counsel employed, and the consequent expense, are largely optional and voluntary, and dependent also upon the thoroughness and effectiveness with which a party may desire to have his case presented. It is impossible to say, therefore, that the necessity of expense is greater in the one case than in the other; and expenses so fluctuating in their nature and so dependent upon a party's own option are not a proper item of legal damage.

In Reggio v. Braggiotti, 7 Cush. 166, Shaw, C. J., says:

"But the counsel fees cannot be allowed. These are expenses incurred by the party fo his own satisfaction, and they vary so much with the character

and distinction of the counsel that it would be dangerous to permit him to impose such a charge upon an opponent; and the law measures the expenses incurred in the management of a suit by the taxable costs."

In the somewhat similar case of Miller v. Hays, 26 Ind. 380, it was held that such expenses for attorney and counsel fees were not recoverable upon an arbitration bond. The same rule is usually applied, except in actions upon agreements of indemnity, or actions in tort involving some wanton or malicious injury, where punitive damages may be given; in which cases the actual expenses to which the plaintiff has been put may be considered by the jury. See 8 Am. & Eng. Enc. Law (2d Ed.) 673–676; Day v. Woodworth, 13 How. 363, 372, 14 L. Ed. 181; Oelrichs v. Spain, 15 Wall. 211, 230, 21 L. Ed. 43. And in admiralty, counsel fees cannot be taxed. The Baltimore, 8 Wall. 377, 388–392, 19 L. Ed. 463.

Aside from the above considerations, an allowance of the costs and expenses in the prior suit, seems to be wholly inconsistent with the defendant's undoubted legal right to bring that action. Is it not a contradiction in terms to say that a man may lawfully bring suit, but yet shall be punished for bringing it by being made liable to a subsequent suit for the recovery of his opponent's costs and expenses therein beyond what the court may have allowed in the original action? If the original suit is lawfully brought, all questions of costs and expenses therein must be deemed settled and ended in the disposition of that cause; otherwise suits might proceed thereon ad infinitum.

In the present case, moreover, although the decision in the former action was in favor of the present plaintiff, costs under the equitable discretion of the court were not allowed; and the disallowance of costs at that time, was an adjudication between the same parties that the present plaintiff was not equitably entitled to costs; and if so, certainly no independent action like this will lie to recover them; in that regard the case of Brunsdon v. Board, 1 Cab. & El. 272, is in point.

While it may be possible that cases may arise in which there are damages that are the natural and proximate result of a refusal to refer to arbitration, I think that damages of the kind here sought to be recovered are not of that character; and considering the vast number of cases in which suits have been brought in disregard of a prior agreement to arbitrate, the absence of any reported case of any similar claim for lawyer's fees as damages for the refusal to refer, is strong evidence that such claims have never been regarded as proper legal damages for such refusal. Nominal damages not being sufficient to sustain a libel in admiralty (Barnet v. Luther, 1 Curt. 434, 436, 2 Fed. Cas. 879; The Asiatic Prince [D. C.] 97 Fed. 343, 345), the exceptions are sustained.