MUNSON v. STRAITS OF DOVER S. S. CO., Limited.

(Circuit Court of Appeals, Second Circuit. May 24, 1900.)

No. 162.

1. ARBITRATION—BREACH OF AGREEMENT TO ARBITRATE—RECOVERY OF DAMAGES.

Substantial damages are not recoverable for breach of an agreement to arbitrate any dispute which might arise under a contract, where such agreement remains wholly executory, because there is nothing by which the

damages can be measured; the fact that one party, refusing to abide by the agreement, brought a suit upon the contract, in which he was defeated, but was not required to pay the costs, does not entitle the other party to recover the costs expended in defending the suit, as damages for breach of the agreement to arbitrate.

2. ADMIRALTY—DISMISSAL OF SUIT.
   In admiralty, as in equity, it is within the discretion of the court to dismiss a suit without costs, where the complaining party is entitled to nominal damages only.

Appeal from the District Court of the United States for the Southern District of New York.

Charles S. Haight, for appellant.
J. Parker Kirlin, for appellee.

Before WALLACE, LACOMBE, and SHIPMAN, Circuit Judges.

WALLACE, Circuit Judge. The court below dismissed the libel in this cause upon sustaining the exceptions of the respondent. 99 Fed. 787. The decision proceeded upon the theory that the libelant was not entitled to recover any damages by reason of the breach by the respondent of the arbitration covenant in a charter party entered into between the libelant and the respondent. The charter party contained, among others, the following clause:

"That, should any dispute arise between the owners and the charterers, the matter in dispute should be referred to three persons at New York, one to be appointed by each of the parties hereto. and the third by the two so chosen; that their decision, or that of any two of them, shall be final, and, for the purpose of enforcing any award, this agreement may be made a rule of the court."

Differences arose between the parties as to the liability of the libelant, under the terms of the charter party, for the detention of the vessel beyond the period for which it had been chartered. The libelant thereupon notified the respondent that he was willing to arbitrate, and requested him to comply with the provisions of the charter party in that regard; but the respondent refused, and brought an action in admiralty to enforce the liability, claiming a recovery of about $8,000. In that action the court decided that the present libelant was not liable for the detention of the vessel, and decreed in his favor, but without costs. He was subjected to necessary expenses in defending the action amounting to over $500. The libel alleges these facts, and also alleges that the expenses of arbitrating the dispute would not have exceeded $50.

Covenants in contracts to arbitrate any disputes that may arise in fulfilling the obligations of the parties are common, but it is significant that there are no adjudged cases in which there has been a recovery when the breach consisted merely in the refusal to enter upon an arbitration. The explanation is doubtless to be referred to the impossibility of proving substantial damages. There are many cases in the books where, there having been an actual submission, damages have been allowed for a subsequent revocation. In such cases the receding party has led the other into the expense of making a futile experiment, and the expenses incurred thereby result directly from his act, and can be definitely ascertained. But where

nothing has been done in partial execution of the covenant, and the covenant does not fix anything by way of penalty or liquidated damages, the loss arising from a refusal to fulfill is usually wholly conjectural, because it is impossible to prove that the party would have profited by the arbitration. Livingston v. Ralli, 5 El. & Bl. 132, is the only reported case in which the action was for the breach of the covenant while purely executory; but that case arose upon demurrer, and the court did not have occasion to consider the rule of damages. Two other decisions are cited for the appellant. Hawley v. Hodge, 7 Vt. 237, and Day v. Bank, 13 Vt. 97. In the first of these cases it was agreed that a pending action between the parties should be discontinued and submitted to arbitration, and, the defendant having subsequently revoked the submission, the court held the plaintiff entitled to recover the costs and expenses which he had incurred in the discontinued suit. The case falls within the principle of those where the expenses of the revoked arbitration are allowed. The defendant had induced the plaintiff to abandon one experiment upon the promise that he would abide the event of another, and the plaintiff's loss was the necessary outlay he would be obliged to incur a second time to reinstate himself in his original situation. In the second of the cases the plaintiff had released a cause of action against a third person upon the agreement of the defendant to pay such a sum as arbitrators should award. The defendant revoked the submission, and the court held the plaintiff entitled to recover, not only for his costs incurred in the arbitration, but also for the amount of his claim against the sheriff. In this case there was, besides the expenses of the arbitration, the basis for a substantial recovery because the plaintiff had lost his cause of action.

Upon the facts stated in the libel, we are unable to see how the appellant is entitled to more than nominal damages. While he has been subjected to the expenses of defending an action in admiralty, and while we are to assume as true the statement in the libel that the costs of an arbitration would have been much less, it does not follow that he has sustained any loss by the breach of the covenant to arbitrate, because it is intrinsically impossible to ascertain what decision the arbitrators would have reached. Non constat that the award would have been in his favor, or that it might not have been against him in an amount much larger than his expenses of the action.

Taking a broader view of the case, there seems to be no sound reason for allowing as damages for the breach of such a covenant the expenses incidental to a hearing and decision by judicial tribunal, —a mode of adjudicating the rights of the parties under the contract, which is, theoretically, at least, the safest and best devised by the wisdom and experience of mankind.

Without concurring in all of the views expressed in the opinion of the learned judge in the court below, we think his decision was substantially correct, and that the decree should be affirmed. In admiralty, as in equity, it is in the discretion of the court to dismiss a suit, where the party is entitled to nominal damages only, without costs, as was done in this case. Barnett v. Luther, 1 Curt. 434, Fed. Cas. No. 1,025; Herbst v. The Asiatic Prince (D. C.) 97 Fed. 343.

The decree is accordingly affirmed.