## THE HUNSTANWORTH.
### Nos. 4183, 4184, 4188.

District Court, E. D. New York.
June 19, 1933.

Joffe & Joffe, of New York City, for libellant.

Kirlin, Campbell, Hickox, Keating & McGrann, of New York City, for respondent.

GALSTON, District Judge.

Rule 28 of the General Rules of this court provides:

"Cases which have been pending in this Court for more than one year without any proceedings having been taken therein during such year may be dismissed as of course, for want of prosecution, by the Court on its own motion, at a general call of the calendar. Such cases may also be dismissed for want of prosecution at any time on motion by any party upon notice to the other parties."

It was designed to meet, among other instances of lack of prosecution, just such an example as is presented by the moving papers. No proceedings have been taken in this case since 1924. The casual correspondence and conferences, telephonic or otherwise, which passed between proctors for the respective parties, do not relieve the libelant from the burden of the rule; and indeed such communications ceased three and a half years ago. In these circumstances, the libel should be dismissed.

Some controversy arose in the argument concerning costs. I have looked at the interlocutory decree entered on February 6, 1924, and nothing is said therein concerning costs. It does appear, however, that such decree must have been in part a victory for the claimant, for the reason that it is said:

"And the Court having filed its opinion in writing in which it found that the steamship Hunstanworth was in all respects seaworthy, that the cargo was properly stowed and that the steamship and claimant was not liable for the softening, sprouting and discoloration of the onions and the discoloration and breaking of the packages aboard the ship, and that the libelant was entitled to recover only the damages for breakage of cases during discharge by the stevedores."

There is raised in my mind a presumption that the failure to proceed with the proof would have entitled the claimant only to nominal damages. Admiralty courts, as has been said, are not concerned with nominal damages. At least they are under no compulsion to make such awards, and, if so, certainly the matter of costs is within the discretion of the court. See Herbst v. Asiatic Prince (D. C.) 97 F. 343; Munson v. Straits of Dover S. S. Co. (C. C. A.) 102 F. 926.

The motion is granted, without costs to either party.