CORNELIUS C. VAN SANTEN, Respondent, *v.* THE STANDARD
OIL COMPANY, Appellant.

Plaintiff's complaint alleged in substance that defendant, at the request of
S., loaded a vessel with petroleum, and by representations that it had
put on board 110 barrels more than it had in fact, induced the master
of the vessel to give to S. a bill of lading for that amount in excess of
the actual amount loaded, and S. paid defendant therefor; that S. as-
signed the bill of lading, and the assignees on arrival compelled the mas-
ter to pay for the deficiency. Plaintiff claimed as assignee of the master
to recover the amount so paid. *Held,* that a demurrer to the complaint
was properly overruled ; that as the payment was compulsory, caused
by the act of defendant, the law implied a promise on his part to repay it.
As to whether, by the application of equitable principles, the master could
be considered as having by his payment acquired the right to be subro-
gated in the place of S., and so entitled to enforce the cause of action
which the latter had, *quære.*

(Argued April 13, 1880 ; decided June 1, 1880.)

APPEAL from judgment of the General Term of the Su-
preme Court, in the third judicial department, affirming a
judgment in favor of plaintiff entered upon an order overrul-
ing a demurrer to the complaint herein. (Reported below, 17
Hun, 140.)

This was an action to recover back moneys alleged to have
been paid by one Schulte, plaintiff's assignee.

The complaint alleged in substance the following facts :
Schulte was the master of a vessel known as the "Laura
and Gertrude." The defendant, at the request of Edward
Sohns, loaded this vessel with refined petroleum for him. The
defendant, after the loading was complete, represented to Sohns
and to Schulte, that it had put in the vessel 110 barrels more
than were in fact put in ; Sohns paid for this excess to defend-
ant ; and induced by the representation of defendant, Schulte
signed a bill of lading for that amount in excess of· the quan-
tity of petroleum actually loaded in the ship. Sohns trans-
ferred the bill of lading to Born & Sons, Antwerp, Belgium.
When the vessel arrived at Antwerp, the error was discovered,

and Schulte was compelled to and did pay the value of the 110 barrels and made good the bill of lading. Plaintiff claimed to recover back the sum thus paid. Defendant demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action.

*George A. Black* for appellant. The master, by signing the bill of lading, receipted for 6,688 barrels. This receipt can be explained as to him. (*Meyer* v. *Peck*, 28 N. Y. 590 ; *Ellis* v. *Willard*, 9 id. 529 ; *Byrnes* v. *Weeks*, 7 Bosw. 272 ; *Dows* v. *Perrin*, 16 id. 335.) The debt the master paid was not that which Sohns was entitled to from defendant, but an entirely separate one. He cannot, therefore, be subrogated to Sohns' rights. (*Field* v. *Mayor, etc.*, 6 N. Y. 188.) No relation of suretyship is to be inferred from the allegations of the complaint. (Pars. Merc. Law, 39 ; *Bigelow* v. *Davis*, 16 Barb. 561.) An action for false representations would not lie. (*Oberlander* v. *Spiers*, 45 N. Y. 176 ; *Meyer* v. *Amidon*, id. 169 ; *Still* v. *Little*, 63 id. 431 ; *Song* v. *Warren*, 68 id. 427 ; *Zabriskie* v. *Smith*, 13 id. 322.)

*Alfred C. Chapin* for respondent. This appeal should be dismissed, in so far as it purports to be an appeal from an order overruling a demurrer. (Code Civ. Pro., §§ 1347, 1349 ; *Miller* v. *Sheldon*, 15 Hun, 220 ; *Lacustrine Fertilizing Co.* v. *Lake Co.*, 16 id. 484 ; *Cumb. Valley Bank* v. *Lynch*, 8 N. Y. Weekly Dig. 187.) The rule that upon demurrer the court will construe the pleading liberally applies here with special force. (*Mackey* v. *Auer*, 8 Hun, 180 ; *Thomas* v. *Nelson*, 69 N. Y. 118 ; *Zabriskie* v. *Smith*, 13 id. 322, 330 ; *Olcott* v. *Carroll*, 39 id. 436 ; *Buel* v. *Boughton*, 2 Denio, 91, 93 ; *Butler* v. *Wright*, 6 Wend. 284 ; *Eddy* v. *Smith*, 13 id. 488, 490 ; *Barber* v. *Cary*, 11 Barb. 551 ; *Mayer* v. *The Mayor*, 63 N. Y. 455.) The relation between Sohns and Schulte were such as to entitle Schulte to be subrogated to the rights of Sohns, in case Schulte makes good the overpayment. (*The Delaware*, 14 Wall. 579, 596, 600, 601 ; *Germania Fire Ins. Co.* v. *The*

*Memphis & C. R. R. Co.*, 72 N. Y. 90; *Hill* v. *Syra., Bing. & N. Y. R. R. Co.*, 73 id. 351; *Chandler* v. *Belden*, 18 Johns. 157, 162; *Merchants' Bank* v. *R. R. & T. Co.*, 69 N. Y. 373; *Saltus* v. *Everett*, 20 Wend. 267; *Ellis* v. *Willard*, 5 Seld. 529; *Watkinson* v. *Laughton*, 8 Johns. 164; *Elliot* v. *Rossell*, 10 id. 1; *White* v. *McDonough*, 3 Sawyer, 311; *Schooner Freeman* v. *Buckingham*, 18 How. [U. S.] 183; *The Loon*, 7 Blatchf. 244; *Ellis* v. *Willard*, 5 Seld. 529; *Gould* v. *Central Trust Co.*, 6 Abb. N. C. 381; *Miller* v. *Winchell*, 70 N. Y. 437.) By his payment Schulte became entitled to be subrogated to the rights of Sohns. (*Barnes* v. *Mott*, 64 N. Y. 397, 401, 402; *Townsend* v. *Whitney*, 75 id. 430; *Cole* v. *Malcolm*, 66 id. 363; *Western Trans. Co.* v. *Hoyt*, 69 id. 230, 237; Bispham's Principles of Eq. 394–396; *Miller* v. *Winchell*, 70 N. Y. 437; *Conn. Fire Ins. Co.* v. *Erie R. R. Co.*, 73 id. 399; *Hinckley* v. *Kreitz*, 58 id. 583; see p. 591.) Schulte's cause of action was assignable. (*Bixbie* v. *Wood*, 24 N. Y. 607.)

DANFORTH, J. Upon the facts conceded by the demurrer to be true, the legal result is clearly with the plaintiff, and whether it is reached by one or the other line of argument suggested by those facts, the justice of the case requires that the defendant, who must ultimately pay the money, should be required to do so in this action. As between Sohns and the defendant, the erroneous payment and receipt of money for the 110 barrels of oil created an obligation, binding the defendant for its repayment. The obligation attached upon it the moment the money was received; and this is so, although the defendant received it in good faith, believing it to be due, and Sohns paid it as in performance of a contract, for it was not intended as a gift and there was, in fact, no consideration for its payment. A like obligation also existed on the part of Sohns to repay to Born *et fils*, the sum overpaid by them upon the purchase of the property and the assignment of the bill of lading which purported to cover the same number of barrels. But I do not think it necessary to inquire whether, by the application of equitable principles, Schulte may be considered as having, by

his payment to Born *et fils*, acquired the right to be subrogated in the place of Sohns, and so entitled to enforce the cause of action which he had against the defendant, although a claim to that extent seems easily sustained upon principle and authority. (*Cole* v. *Malcolm*, 66 N. Y. 363.) His right may be placed on another and simpler ground. The payment by Schulte, the master, to Born *et fils* was a compulsory payment, caused by the act of the defendant, and the law will imply a promise, on its part, to repay the money. It was a compulsory payment, for Born *et fils* were the holders for value of the master's bill of lading, owners of the cargo and entitled to the delivery of the entire number of barrels named in it, including, of course, the 110 barrels in question. For his failure to deliver them Born *et fils* had a remedy by action and could enforce their claim against Schulte or his ship. (*Merchants' Bank of Canada* v. *The Union R. and T. Co.*, 69 N. Y. 373; Maclaughlan's Law of Merchant Shipping, 371; *Evans* v. *Marlett*, 1 Lord Raymond, 271.) And as they were purchasers of the cargo for value, upon the faith of his bill of lading, Schulte could not, in defense, show that he had not, in fact, received the full number of barrels in the bill of lading specified. (*Ellis* v. *Willard*, 9 N. Y. 529, 531.) Nor was it necessary that he should withhold payment until suit brought. It was enough that the demand was legal and one which could be enforced. (*Maydew* v. *Forrester*, 5 Taunt. 615.) This result was caused by the act of the defendant. "It had represented to Schulte that they had placed the barrels upon his vessel, and he, supposing the representation to be correct, signed and executed the bill of lading and delivered it to Sohns." In effect the defendant fashioned the instrument which placed Schulte in the power of Born *et fils*, and by which they could do him an injury. I am unable to see, therefore, why the defendant is not brought within the rule which requires one to make good any loss or damage, which, by his act or omission or legal default, has been occasioned to another. (Leake on Contracts, 77; *Moule* v. *Garrett*, L. R., 7 Exch. 101.) The machinery by which the injury has been brought about, or the number of in-

termediate agencies, is immaterial.   It was the duty of the defendant to place, on board the vessel, the full number of barrels for which it received pay; it represented to the master of the vessel that it had done so.   In consequence of this representation he undertook to deliver that number to the consignee who paid therefor upon faith in the bill of lading.   The neglect of duty by the defendant imposed upon the master the obligation to make good the deficiency caused by this neglect, not voluntarily but in performance of a legal duty, enjoined by the conditions of the bill of lading.   Those conditions resulted from the act of the defendant and are equivalent to an express request by the defendant to make such payment.   The plaintiff does not make title to his cause of action through Sohns but by assignment from Schulte.   The payment by Sohns is important only as showing a consideration for the undertaking of the defendant to ship the required number of barrels, but without this the right of action on the part of Schulte was, for reasons above stated, complete, and the plaintiff, as his assignee, is entitled to recover.   (*Byxbee* v. *Wood*, 24 N. Y. 607.)

The judgment should, therefore, be affirmed, with costs.

All concur.

Judgment affirmed.