PORTLAND GOLD MINING CO. v. STRATTON'S INDEPENDENCE. (Circuit Court of Appeals, Eighth Circuit. September 22, 1913.) No. 3795. In Error to the District Court of the United States for the District of Colorado. For opinion below, see 196 Fed. 714. Thomas, Bryant, Nye & Malburn, of Denver, Colo., for plaintiff in error.. William V. Hodges and Mason A. Lewis, both of Denver, Colo., for defendant in error.

PER CURIAM. Dismissed per stipulation, each party to pay its own costs.

---

RECTOR et al. v. ALCORN et al. . (Circuit Court of Appeals, Fifth Circuit. February 10, 1914.) No. 2449. Appeal from the District Court of the United States for the Northern District of Mississippi; Henry C. Niles, Judge. Suit by E. W. Rector and another, surviving executors of Amelia W. Alcorn, and others, against May Yates Alcorn and another. From a decree dismissing the bill, complainants appeal. Affirmed. See, also, 204 Fed. 748, 123 C. C. A. 125. William Grant and W. B. Grant, both of New Orleans, La., and J. W. Cutrer, of Clarksdale, Miss. (Cutrer & Johnston, of Clarksdale, Miss., on the brief), for appellants. Calvin Perkins and J. H. Watson, both of Memphis, Tenn. (Watson & Perkins, of Memphis, Tenn., on the brief), for appellees. Before PARDEE and SHELBY, Circuit Judges, and GRUBB, District Judge.

PER CURIAM. The controlling question in this case is one of fact— whether or not James Alcorn, now deceased, secured from his mother, Mrs. Amelia W. Alcorn, by false and fraudulent representations or undue influence, a deed dated October 14, 1895, conveying to him valuable real estate. The evidence shows that, in the negotiations that led to the execution of the deed, and in its execution, Mrs. Alcorn had the advice of counsel, and that her daughters had full knowledge of her intention and act. It also appears that there was long acquiescence in an approval of the conveyance by Mrs. Alcorn and her family. In a suit filed by her in a chancery court of Mississippi after the death of her son, James Alcorn, she asserted by the sworn bill and an affidavit filed in that cause the validity of the deed which is now assailed, and obtained thereby a temporary injunction against the widow and child of her son, James Alcorn. We have carefully examined all the evidence, but will not discuss. it. It is sufficient to say that we concur in the conclusion of the District Judge, shown by his opinion in the record, that the evidence falls far short of being sufficient to authorize the cancellation of the deed. The decree dismissing the bill is affirmed.

---

SOUTH ATLANTIC S. S. LINE v. STEAMSHIP CO. SARK. (Circuit Court of Appeals, Fifth Circuit. February 3, 1914.) No. 2479. Appeal from District Court of the United States for the Eastern District of Louisiana; Rufus E. Foster, Judge. John D. Grace, of New Orleans, La., for appellant. George Denegre, of New Orleans, La., J. P. Blair, of New York City, and Victor Leovy, of New Orleans, La., for appellee. Before PARDEE and SHELBY, Circuit Judges, and BURNS, District Judge.

PER CURIAM. We concur with the District Judge in his opinion and decree in this case in finding the charterers liable for the wrongful statements contained in the bills of lading for which the owners of the Sark were held liable. See Field Line (Cardiff) v. South Atlantic Steamship Co., 201 Fed. 301, 119 C. C. A. 539 et seq. The decree appealed from is affirmed.