## THE THRASYVOULOS.

**P. WIGHAM-RICHARDSON & CO., Limited, v. CONTINENTAL GRAIN CO.**

**CONTINENTAL GRAIN CO. v. P. WIGHAM-RICHARDSON & CO., Limited.**

District Court, S. D. New York.
June 6, 1939.

Kirlin, Campbell, Hickox, Keating & McGrann, of New York City (Clement C. Rinehart, of New York City, of counsel), for libelant and cross-respondent.

Haight, Griffin, Deming & Gardner, of New York City (Herbert M. Statt, of New York City, of counsel), for respondent and cross-libelant.

LEIBELL, District Judge.

Libelant has filed exceptions (1) to the first special defense and (2) to the second special defense and counterclaim, pleaded in respondent's answer [Suit A 118—389]. The exception to the first special defense is on the ground that the arbitration clause therein referred to is not part of any agreement between libelant and respondent and is not material to any dispute between libelant and respondent. The exception to the second special defense and counterclaim is on the ground that the only damage alleged therein to have been sustained by respondent is special damage and that it is not alleged in the answer that respondent ever gave libelant any notice of a certain contract between respondent and the stevedores, of which libelant is alleged to have caused a breach, resulting in the damage claimed by respondent. This exception also states that only nominal damages could be recovered by respondents and that a libel will not lie in admiralty for nominal damages.

I. Libelant moved for an order sustaining the exceptions to respondent's answer. II. Libelant also moved, on the pleadings and exceptions, for an order dismissing respondent's cross libel [Suit A 119—268], which is based on the same allegations as are pleaded in the second special defense and counterclaim to the libel. III. Respondent thereupon moved, on an order to show cause, for an order dismissing the amended libel herein. All three motions came on for argument at the same time.

The libel was filed to recover the balance of freight amounting to £399.10.9, equivalent to about $1,973.75 on a cargo of maize shipped from the Argentine and delivered at Mobile on May 28, 1937, where it was received by the respondent as assignee and holder of the bill of lading.

The charter party contained an arbitration clause which provided in part as follows: "* * * Any claim must be made in writing and Claimant's Arbitrator

appointed within three months of final discharge and where this provision is not complied with the claim shall be deemed to be waived and absolutely barred."

Respondent pleads that no arbitration was demanded by libelant.

I am of the opinion that no part of the arbitration clause of the charter party between the shipowner, Thrasyvoulos L. Boyozides & Co. (through P. Wigham-Richardson & Co., Ltd., its agents) and Luis de Ridder, Ltda. as charterer, was incorporated in or made a part of the terms and conditions of the bill of lading. The bill of lading was endorsed over to the Continental Grain Company when it became the owner of the cargo while it was in transit. The clause of the bill of lading, referring to the charter party, did not specifically mention the arbitration clause of the charter party. The general statement in the bill of lading that "all the terms, conditions and exceptions of which charter party, including the negligence clause, are incorporated herewith" was insufficient to incorporate the arbitration clause in the bill of lading.

Respondent in its brief seems to argue that the first special defense, by referring to the arbitration clause, pleads a three months' limitation for making written claim for any loss or damage under the bill of lading, and that no such claim was made within the three months after discharge of the cargo—not until April 27, 1938, and that this suit is therefore barred. The claim referred to in the arbitration clause of the charter is the claim that would be the subject of the arbitration. If the arbitration clause is limited to disputes arising under the charter and has no application to disputes arising under the bill of lading, then the reference to a three months' time limitation on claims in the arbitration clause of the charter, in no way affects the libelant's claim herein.

In Thomas & Co. v. Portsea S. S. Co. [1912] L.R.App.Cas. 1, a somewhat similar case was decided by the House of Lords. It was there held that the arbitration clause of a charter party was not made a part of the bill of lading by a clause in the bill of lading incorporating therein "the terms, conditions and exceptions of charter * * * including negligence clause".

The reasons given by the members of the House of Lords apply equally to the present case. Lord Loreburn wrote: "The arbitration clause is not one that governs shipment or carriage or delivery or the terms upon which delivery is to be made or taken; it only governs the way of settling disputes between the parties to the charter party and disputes arising out of the conditions of the charter party, not disputes arising out of the bill of lading." Lord Gorell stated: "I think the true view to take of such a clause is that the 'terms and conditions' do not really include more than refers to those matters which have to be dealt with by both the shipowner and the consignee in relation to the carriage, discharge, and delivery of the cargo. * * * I do not see that they expressly in any way deal with the arbitration clause; and, of course, it is sufficient for present purposes to say that they do not; * * *." Lord Robson wrote: "* * * we are here dealing with obligations founded primarily on the bill of lading, which is a different contract and is made between different parties, though it relates in part to the same subject-matter as the charter. The limitation of the clause to the conditions of 'this charter party' is therefore, to say the least, embarrassing and ambiguous when it comes to be written into the bill of lading. It requires, indeed, some modification to make it read even intelligibly in its new connection."

Libelant's exception to the first special defense of respondent's answer, is sustained.

In the second special defense and counterclaim of the answer it is alleged that the libelant broke an agreement with respondent to employ respondent's stevedores at Mobile, which was made when that port was designated as the port of discharge while the ship was on the high seas. Obviously a breach of such an agreement, where the stevedores were to be employed and paid by the libelant, would not ordinarily give rise to more than nominal damages to respondent. It is alleged, however, that respondent thereafter made a special agreement with the stevedores under which respondent was to be paid by its designated stevedores fifty cents a ton for all maize discharged into the Mobile & Ohio elevator at Mobile.

There is not any allegation that libelant had any notice whatsoever of this exceptional agreement. It does not appear that the damages thus claimed by respondent were usual or foreseeable.

Section 330 of the Restatement of the Law of Contracts reads: "In awarding

damages, compensation is given for only those injuries that the defendant had reason to foresee as a probable result of his breach when the contract was made. If the injury is one that follows the breach in the usual course of events, there is sufficient reason for the defendant to foresee it; otherwise, it must be shown specifically that the defendant had reason to know the facts and to foresee the injury." It does not appear that the item of damage "was contemplated expressly by the words of the bargain". See, also, Globe Refining Co. v. Landa Cotton Oil Co., 190 U.S. 540, 23 S.Ct. 754, 47 L.Ed. 1171; Kerr S. S. Co. v. Radio Corporation of America, 245 N.Y. 284, 290, 157 N.E. 140, 55 A.L.R. 1139; Williston on Contracts §§ 1355 to 1357. Assuming the breach, "a person can only be held to be responsible for such consequences as may be reasonably supposed to be in the contemplation of the parties at the time of making the contract". Quoted with supporting cases in Globe Refining Co. v. Landa Cotton Oil Co., supra [190 U.S. 540, 23 S.Ct. 755, 47 L.Ed. 1171].

The breach by libelant of the agreement to employ stevedores designated by respondent, as pleaded, would ordinarily cause only nominal damages, which are not given in admiralty. Where only nominal damages could be recovered it is in the discretion of the court in admiralty to dismiss a suit, without costs. Munson v. Straits of Dover S. S. Co., 2 Cir., 102 F. 926, 928.

However, facts extraneous to the pleading, are recited in the respondent's brief, and it may be that respondent will be able to serve an amended pleading with allegations that will remove the grounds for libelant's exception. Libelant's exception to the second special defense and counterclaim is sustained but respondent will be permitted to serve an amended answer, pleading anew the subject matter of its second special defense and counterclaim.

For these reasons, also, the exceptions to the cross-libel are sustained, with leave to serve an amended cross-libel.

Respondent's motion to dismiss the libel on the pleadings and exceptions, is denied for the reasons stated in disposing of libelant's motion in respect to the first special defense.

Submit orders on notice, in accordance with this memorandum.