## Petition of A/S FALKEFJELL.

### The TINDEFJELL.

District Court, S. D. New York.
May 20, 1948.

Haight, Griffin, Deming & Garner, of New York City (John C. Moore, of New York City, of counsel), for petitioner.

Foley & Statt, of New York City (Milton James, of New York City, of counsel), for respondent General Atlantic S.S. Corp.

Hunt, Hill & Betts, of New York City (John W. Crandall and Robert M. Donohue, both of New York City, of counsel), for respondent Arnold Bernstein Shipping Co., Inc.

GODDARD, District Judge.

Proceeding in the matter of the petition of the owner of the S/S Tindefjell to compel the charterer and the charterer's alleged undisclosed principal to proceed to arbitration of a dispute in accordance with the provisions of Section 4 of the United States Arbitration Act of February 12, 1925, 9 U.S.C.A. § 4, incorporated in the charter party.

The pertinent provisions of the charter party are:

"13. The Captain shall sign Bills of Lading or Masters Receipts as and when presented, without prejudice or reference to this Charter party."

"21. If any dispute arise the same to be settled by two referees, one appointed by the Captain and one by Charterers or their Agents, and if necessary, the Arbitrators to appoint an Umpire. * * *"

The petitioner, A/S Falkefjell chartered the S/S Tindefjell to Arnold Bernstein Shipping Co., Inc. [hereinafter referred to as Bernstein] to carry cargo from the United States to certain Scandinavian ports. Petitioner alleges that Bernstein was acting as agent for the North Atlantic Steamship Corporation [name later changed to General Atlantic Steamship Corporation, and hereinafter referred to as General Atlantic]. Although it is charged that Bernstein was acting for General Atlantic, it is not mentioned in the charter party but in the bill of lading in question Bernstein appears as agent for General Atlantic.

Paragraph Sixth of the petition alleges that "a number of disputes have arisen between petitioner and respondents as to amounts due under the charter party" and sets forth the particular facts. This paragraph then continues—"Disputes have also arisen as to the liability of respondents to indemnify petitioner as a consequence of the short shipment of certain bales of cotton and as to disbursements alleged to have been made by respondents for petitioner's account, and as to balance of freight and demurrage". Petitioner then alleges its willingness to arbitrate and respondents' refusal and petitioner's doubt as to which respondent is liable.

The allegations of the petition present more than one dispute. But the petitioner concedes that all have been settled, save one—a claim for indemnity, which respondents urge is not one arising from the charter party and hence is not subject to the arbitration provision contained in the charter party.

The master of the Tindefjell issued a bill of lading acknowledging the receipt of 197 bales of cotton waste on board, whereas only 101 bales were received. It does not appear that this erroneous bill of lading was issued wilfully or fraudulently. Subsequently the consignee of the cotton waste sued the master and the present petitioner in a Swedish court and obtained judgment against them for the value of the short shipped bales. Later the 96 bales were sold in New York and the proceeds credited to petitioner, and petitioner now asserts a claim for indemnity; the difference between the amount received from the proceeds of the sale and the amount it paid to the consignee. This claim for indemnity the petitioner contends is subject to the arbitration clause in the charter party. However, there is no arbitration clause in the bill of lading, nor does the bill of lading include any reference to the arbitration provisions in the charter party.

It is apparent from all the papers submitted that the dispute which the petitioner desires arbitrated is one arising out of the bill of lading transaction and not one arising from the provisions of the charter party. This clearly appears from the al-

legation of the petitioner in which the petitioner specifically refrains from describing this dispute as arising out of the charter party; but merely referring to it as a dispute. Since the dispute is not one arising out of the charter party, it is not one subject to the arbitration provisions of the charter party. See The Thrasyvoulos, D.C. 28 F.Supp. 434; In re Canadian Gulf Line, 2 Cir., 98 F.2d 711.

The petition is denied.

Settle order on notice.