## SON SHIPPING CO., Inc. v. DE FOSSE & TANGHE.

United States District Court
S. D. New York.

Sept. 26, 1950.

---

1. 2 Cir., 159 F.2d 695.

2. 2 Cir., 177 F.2d 450.

596

Dow & Symmers, New York City, for Son Shipping Co., Inc.

Hill, Rivkins & Middleton, New York City, for DeFosse & Tanghe.

NOONAN, District Judge.

This is a motion by Son Shipping Company to enjoin arbitration of a claim by DeFosse & Tanghe.

Son Shipping Company chartered its tanker Norita under a Charter Party, dated June 28, 1948, to DeFosse & Tanghe, as charterers, to carry a full cargo of fuel oil from Antwerp to Palestine.

One half of the oil was to be delivered to Tel Aviv and the other half to Haifa. The matter in dispute, apparently, concerns the shipment to Haifa.

The fuel oil was loaded on the Norita, at Antwerp, on July 1, 1948, and the Master of the vessel, issued to the Raffinerie Belge de Petroles, a short form bill of lading acknowledging receipt of 4,544,319 kilos of oil for delivery at Haifa. Delivery was made of the cargo at Haifa, July 16, 1948. The Consignee of the shipment claimed that the cargo delivered was short by some 242.049 metric tons.

In April 1950, the Charterer called for arbitration of this claim.

Clause 31 of the Charter Party provides in part: "Any and all differences and disputes of whatsoever nature arising out of this charter shall be put to arbitration in the City of New York * * *".

The bill of lading provides in part: "This shipment is carried under and pursuant to the terms of the charter dated Antwerp, June 29th, 1948 between Son Shipping Cy Inc. and DeFosse & Tanghe, Charterer, and all the terms whatsoever of the said charter except the rate and payment of freight specified therein apply to and govern this right of the parties concerned in this shipment."

On the facts it appears that this dispute, which the charterer desires arbitrated, is one arising out of the bill of lading and not one arising from the provisions of the charter party. Cf. Petition of A/S Falkefjell, D. C., 78 F.Supp. 282. The arbitration clause of a charter party does not apply to disputes arising out of a bill of lading. The Thrasyvoulos, D.C., 28 F. Supp. 434.

Further it has been held that a general statement of incorporation of the terms of the Charter Party, in a bill of lading, is insufficient to incorporate an arbitration clause of the charter party in the bill of lading. The Thrasyvoulos, D.C., 28 F.Supp. 434.

Petitioner's motion is accordingly granted.