THE FALKEFJELL (Olsen & Ugelstad, Managers), Libellant-Appellant,

v.

ARNOLD BERNSTEIN SHIPPING CO., Inc., Respondent-Appellee.

No. 213, Docket 23322.

United States Court of Appeals Second Circuit.

Argued May 2, 1955.

Decided June 9, 1955.

Haight, Deming, Gardner, Poor & Havens, New York City (Tallman Bissell, New York City, advocate), for libellant-appellant.

Hunt, Hill & Betts, New York City (John W. Crandall, Robert M. Donohue and David C. Welch, New York City, of counsel), proctors for respondent-appellee.

Before CLARK, Chief Judge, MEDINA, Circuit Judge, and DIMOCK, District Judge.

MEDINA, Circuit Judge.

On January 16, 1940, libellant and respondent entered into a contract of charter whereby libellant chartered its s/s Tindefjell to respondent for a voyage from a safe port or ports, Northern range of the United States (East coast), to a safe port or ports, Narvik/Gothenburg Range. The charter provided in part that the Captain of the ship "shall sign Bills of Lading or Master's receipts as and when presented, without prejudice or reference to this Charterparty." At the time of signing the charter, respondent was in fact agent for North American Steamship Corporation but did not disclose this fact. Subsequently, libellant and respondent agreed that the respondent was authorized to sign bills of lading on the Master's behalf and the s/s Tindefjell proceeded to New York, where a general cargo was loaded on the vessel and a number of bills of lading were delivered to shippers who had been solicited to ship on the vessel.

On January 27, 1940, respondent, through its employee, signed a bill of lading which recited that 197 bales of cotton waste had been received on board the s/s Tindefjell. The bill of lading was signed, "For and on behalf of the Master by North Atlantic Steamship Corporation, Arnold Bernstein Shipping Co., Inc., Agents."

In actual fact, only 101 bales had been loaded on the vessel and it is agreed that the mistake in loading was due wholly to an error on the part of one of the respondent's employees. The bill of lading

for 197 bales was issued to the shipper named therein and was subsequently transferred in good faith and for value to the consignee of the cargo.

When the s/s Tindefjell arrived at Gothenburg, the bales called for by the bill of lading obviously could not be and were not delivered and the consignee brought suit against libellant in the Gothenburg Municipal Court, recovering a judgment in the amount of Swedish Kr. 24114.9 plus interest at 6%, plus costs of Swedish Kr. 675. Libellant satisfied the judgment and after the termination of the German occupation of Norway in 1945, demanded that respondent arbitrate libellant's claim for reimbursement for the loss sustained. Respondent refused to arbitrate and in proceedings in the District Court for the Southern District of New York, by decree entered June 1, 1948, it was held that the claim was not within the arbitration clause of the charter party and that respondent was not obliged to submit to arbitration. Petition of A/S Falkefjell, D.C.S.D.N.Y.1948, 78 F. Supp. 282.

As a result, this libel was filed on September 17, 1948 to recover $5,823.52 in damages for the loss resulting from the recovery had against libellant in the Swedish Court in 1940. A trial was held on October 13, 1953 in the United States District Court for the Southern District of New York and on December 30, 1953, a final decree was entered dismissing the libel, 117 F.Supp. 22, from which decree this appeal is taken.

It is apparent from a reading of the opinion of the court below that it proceeded upon the premise that respondent acted in the capacity of an agent for a disclosed principal in the bill of lading transaction and concluded, as matter of law, that in such a case, an agent is not liable to third persons for negligent failure to perform its duty to its principal. Libellant asserts that the nature of this transaction was such as to have imposed upon respondent a duty to libellant to exercise reasonable care in the issuance of the bills of lading in question and that, consequently, it is entitled to indemnification.

We need not now decide between the respective contentions of the parties relating to the liability of agents of disclosed principals for negligence, because we conclude that the facts as stipulated by the parties and found by the court below provide no basis for the conclusion that the agency was disclosed to libellant at any time prior to the discovery of the error in the bill of lading. There was no disclosure at the time the charter party was signed and the stipulated facts indicate that "the respondent" was authorized to sign bills of lading on the master's behalf. Nothing appears in the record to indicate that North Atlantic Steamship Corporation, the actual principal, was known to libellant at this time and certainly there is no basis upon which it may be inferred that it was North Atlantic Steamship Corporation which was being given the authorization to sign on behalf of the master. The form of the signature appearing on the bill of lading may not be availed of to fill the gap, because the record is devoid of any evidence from which it can be inferred that the signature as quoted above was seen by libellant or the master at any time before the issuance of the bill of lading and before it was forwarded to the consignee.

In the absence of any proof of communication between the parties which could be interpreted as a disclosure, the bill of lading must be treated as having been signed by respondent independently or, at most, as an agent for an undisclosed principal. Under these circumstances, the respondent's liability is the same as that of a principal and in such a case, as even the court below intimated, libellant should be entitled to recover damages for the loss sustained as a result of respondent's undisputed neglect in discharging its duty. See The Sark, D.C.E.D.La.1912, 245 F. 909, affirmed South Atlantic S. S. Line v. Steamship Co. Sark, 5 Cir., 1914, 211 F. 1022;

Oceanic Steam Navigation Co. Ltd., v. Compania Transatlantica Espanola, 1892, 134 N.Y. 461, 31 N.E. 987; Van Santen v. Standard Oil Co., 1880, 81 N.Y. 171.

Reversed and remanded for entry of a decree in accordance with this opinion.