**ORION SHIPPING & TRADING CO.,**
Inc., Libelant-Appellee,

v.

**EASTERN STATES PETROLEUM CORPORATION OF PANAMA, S.A.,** Eastern States Petroleum and Chemical Corporation and Signal Oil & Gas Company, Respondents,

Eastern States Petroleum Corporation of Panama, S.A., Respondent-Appellant.

No. 95, Docket 26299.

United States Court of Appeals
Second Circuit.

Argued Oct. 31, 1960.

Decided Dec. 5, 1960.

Hill, Rivkins, Middleton, Louis & Warburton, New York City, George B. Warburton, and Joseph T. McGowan, New York City, of Counsel, for respondent-appellant.

Healy, Baillie & Burke, New York City, Raymond J. Burke and Thomas A. Dillon, Jr., New York City, of Counsel, for appellee.

Before SWAN, CLARK and MEDINA, Circuit Judges.

SWAN, Circuit Judge.

The order on appeal was entered in an admiralty suit brought by libelant-appellee hereafter called Orion, in a cause of maritime contract of affreightment against appellant, a Panamanian corporation hereafter called Panama, and two other domestic corporations hereafter called Eastern and Signal respectively. The libel asserts a first cause of action against Panama only, and a second cause of action only against the other two respondents. The order for arbitration does not affect them, and they are not appellants.

Orion and Panama, which designated itself "as agents for chartered owners * * * of tonnage to be nominated without restriction of flag" made a contract of affreightment, dated October 8, 1954, for the carriage of petroleum products from a foreign port to Houston, Texas. By the terms of the contract Orion was to supply vessels and Panama was to supply petroleum products at the rate of 10,500 barrels per day (with a permissible 10% variance) at agreed freight rates. The contract was to run to March 1960, but was later extended to March 1961. Performance by Panama was guaranteed by Eastern before its merger with Signal. Mutual performance of the contract was carried out until September 29, 1959 when Panama repudiated further performance. Orion filed its libel on October 7, 1958. It sought damages of $1,150,000 against Panama, and reserved the right to apply for an order requiring arbitration of its claim pursuant to clause 14 of the contract. This clause provided in part:

" * * * Should one of the parties neglect or refuse to appoint an Arbitrator within twenty-one days after the receipt of request from the other party, the single Arbitrator appointed shall have the right to decide alone, and his decision shall be binding on both parties. For the purpose of enforcing awards this agreement shall be made a Rule of of Court."

Service of the libel was obtained on Eastern, and proctors for Eastern and Signal thereafter filed their appearance. No answer or appearance was filed by Panama and libelant was unable to attach any of its property under writ of foreign attachment. On October 27, 1959, libelant's proctors notified the proctors of Eastern and Signal by letter of that date that, in accordance with the above noted clause 14, Mr. John F. Shea was Orion's arbitrator and requested them to "notify us the name of the arbitrator appointed by your client." By a show cause order returnable November 24, 1959 proctors for Eastern and Signal moved to vacate the notice of October 27 demanding arbitration. Subsequently this motion was granted on consent. On November 24, 1959 Orion obtained an order directing Panama to show cause on December 1, 1959 why it should not proceed to arbitration. This order was served upon Panama by registered mail received in Panama City on November 27, 1959. On January 11, 1960 proctors for Panama served a notice of special appearance to contest the motion. The motion was argued January 20. It urged that Orion signed the contract as an agent for owners and therefore a summary trial pursuant to § 4 of the Arbitration Act, 9 U.S.C.A. § 4 was necessary to determine whether Orion was a principal or an agent and, if an agent, whether it had sued with the consent of its principals; and, in addition, that the suit is on a contract for brokerage commissions and consequently not cognizable in admiralty.

In an unpublished memorandum decision Judge McGohey disposed of

these contentions on reasoning with which we are in entire accord. On the assumption that Orion was an agent, its principals were undisclosed. An agent for an undisclosed principal can enforce the terms of his contract and needs no authority from his principal to do so. The Falkefjell v. Arnold Bernstein Shipping Co., 2 Cir., 223 F.2d 820; A. L. I. Restatement, Agency, §§ 321, 322. As Judge McGohey well said: "No issue of fact requiring summary trial is raised whether Orion be considered the principal or the agent for an undisclosed principal." The additional argument that the libelant's claim was not cognizable in admiralty is equally devoid of merit. The contract of affreightment was a maritime transaction as defined in § 1 of the Arbitration Act, 9 U.S.C.A. § 1. Panama repudiated its obligation; hence the court had jurisdiction of the subject matter of the controversy. See Fisser v. International Bank, D.C.S.D.N.Y., 175 F. Supp. 305. The arbitration clause, plus the notice by registered mail, constituted a consent to jurisdiction *in personam*. Farr & Co. v. Cia, Intercontinental De Navegacion, 2 Cir., 243 F.2d 342.

Appellant also urged that if arbitration should be ordered without summary trial, the court should instruct the arbitrators how to compute Orion's damages. It is not surprising that this contention finds no judicial support, since, if accepted, it would result in a serious curtailment of the arbitrators' function, a function which, once arbitration is chosen by the parties, should not be encroached upon by the courts.

Appellant's final point is that it was an abuse of discretion for Judge McGohey to compel it to proceed to arbitration before the single arbitrator appointed by Orion. The arbitration clause clearly provides for arbitration before a single arbitrator unless the party upon whom the demand is served appoints an arbitrator within 21 days. The 21 day period began to run when the show cause order and annexed papers were served on Panama on November 27, 1959. During that period it did nothing. Its excuse is that it was pressing proceedings before the district court to avoid arbitration. But a party which has agreed to prompt arbitration should not be permitted to avoid it, or the agreed consequence of having the arbitration proceed before the single arbitrator appointed by the other party, by merely running to the judge with charges so futile that they may reasonably appear to the court only a device for getting delay. We see no abuse of discretion in the judge's refusal to relieve Panama from its default.

Accordingly the stay is vacated, and the order on appeal is affirmed.