TAMPA PORT AUTHORITY, Plaintiff,

and

Westchester Fire Insurance Co., Intervening Plaintiff,

v.

M/V DUCHESS, In Rem, and BT Straits, Inc., In Personam, Defendants/Third Party Plaintiff,

v.

Pilot Lambert W. Ware, Third Party Defendant.

No. 94–1727–CIV–T–23C.

United States District Court, M.D. Florida, Tampa Division.

Feb. 4, 1998.

Lance Sheldon Hamilton, Holland & Knight, LLP, Tampa, FL, for Tampa Port Authority.

Donald Lee Craig, E. Tyron Brown, Butler, Burnette & Pappas, Tampa, FL, for Westchester Fire Insurance Company.

Nathaniel G.W. Pieper, Lau, Lane, Pieper, Conley & McCreadie, P.A., Tampa, FL, for M/V Duchess, BT Straits, Inc.

Margaret Diane Mathews, Anthony John Cuva, Akerman, Senterfitt & Eidson, P.A., Tampa, FL, for Lambert M. Ware, Pilot.

## ORDER

JENKINS, United States Magistrate Judge.

Before the court are **Tampa Port Authority's Motion to Alter or Amend Judgment** (Dkt.194) and the responses by BT Straits (Dkt.197) and Westchester Fire Insurance Company (Dkt.198) and **Tampa Port Authority's Motion to Tax Costs** (Dkt.176) and the objections by BT Straits, Inc. (Dkt.182).[1]

### Background

Tampa Port Authority ("TPA") brought this suit in admiralty against the vessel M/V DUCHESS ("DUCHESS") *in rem* and its owner BT Straits, Inc., *in personam* for negligence in an incident in which the DUCHESS struck and damaged a pier owned by TPA. Westchester Fire Insurance Company ("Westchester") intervened in the action as TPA's subrogee.

Following a bench trial, this court found that defendant DUCHESS negligently caused the allision with TPA's pier.

1. The parties have consented to proceed before the Magistrate Judge pursuant to Title 28, United States Code, Section 636(c) and Fed.R.Civ.P. 73.

2. The amended judgment states in relevant part:

(Dkt.151). Judgment was entered in favor of TPA and Westchester for $151,642 plus prejudgment interest. (Dkt.172). The claim against BT Straits, owner of the DUCHESS, was dismissed as TPA failed to establish any fault on the part of the vessel owner for the allision.

Upon motion by Westchester, the judgment was subsequently modified to reflect that Westchester, as subrogee, was entitled to recover the full amount of these damages from the DUCHESS.[2] (Dkt.191). The court determined that, because Westchester had previously paid TPA $338,117 on its insurance claim and TPA's actual damages were determined by the court to be only $151,642, Westchester was entitled to recover any amounts recovered from the DUCHESS up to the amount of its claim payment. (Dkt.190).

### TPA's Motion to Alter or Amend Judgment

TPA asks the court to amend the judgment by awarding TPA nominal damages against the DUCHESS. TPA argues that it is entitled to nominal damages based upon this court's finding that the DUCHESS was liable for the allision with TPA's pier.

Westchester and BT Straits both object to TPA being awarded nominal damages. These parties argue that nominal damages are appropriate only where the plaintiff is unable to prove actual damages, and that in this case actual damages were proven and awarded. Westchester also contends that an award of nominal damages would contravene the basic principle of subrogation which allows an insurer/subrogee to stand in the shoes of the insured for purposes of claims, rights and remedies against the tortfeasor.

> Westchester Fire Insurance Company, as subrogee to plaintiff Tampa Port Authority, shall recover from *in rem* defendant M/V Duchess the sum of $151,642.00 with prejudgment interest thereon from December 25, 1992 to the date of this order.... (Dkt.191).

Surprisingly, none of the parties that have filed memoranda on this issue have addressed whether nominal damages may be awarded in an admiralty action. The few reported cases that address this question respond in the negative. *See Hewlett v. Barge Bertie,* 418 F.2d 654, 656 (4th Cir.1969), *cert. denied,* 397 U.S. 1021, 90 S.Ct. 1261, 25 L.Ed.2d 531 (1970) (admiralty does not recognize nominal damages); *Aljassim v. SS S. Star,* 323 F.Supp. 918, 928 (S.D.N.Y.1971) (nominal damages not awarded in admiralty); *the Thrasyvoulos v. Continental Grain Co.,* 28 F.Supp. 434, 437 (S.D.N.Y.1939) (nominal damages not given in admiralty). There appears to be no authority to the contrary.[3]

 Even if nominal damages could be awarded in an admiralty action, this court is persuaded by the arguments of Westchester and BT Straits that such an award is not appropriate in this case. Nominal damages are appropriate where there is no actual, provable injury. *See Memphis Community Sch. Dist. v. Stachura,* 477 U.S. 299, 308 n. 11, 106 S.Ct. 2537, 91 L.Ed.2d 249 (1986). Conversely, nominal damages are not appropriate when there *is* proof of an actual injury. *Westcott v. Crinklaw,* 133 F.3d 658, 662 (7th Cir.1998). In this case, the court found that the DUCHESS had negligently caused an injury to TPA's pier and that the value of this loss was $151,642. The court's subsequent determination that these damages were payable to Westchester by way of subrogation did not alter the court's conclusion that there was an actual, provable injury.

 Furthermore, a nominal damage award is precluded by the application of subrogation principles to this case. In subrogation, the subrogee is substituted for the subrogor and acquires the rights arising out of the subrogor's lawful claim. *See Aetna Cas. & Sur. Co. v. Huntington*

*Nat'l Bank,* 609 So.2d 1315, 1318 (Fla. 1992) (citation omitted); *see also* 16 COUCH ON INSURANCE § 61:1 (2d rev. ed. Supp.1997) (insurer stands in shoes of insured and acquires right to assert actions and rights of insured). Therefore, this court's determination that Westchester is entitled to subrogation results in TPA being replaced by Westchester as the entity authorized to assert rights against the DUCHESS. An award of nominal damages in favor of TPA in addition to the damage award in favor of Westchester would be inconsistent with the notion that Westchester has acquired TPA's claims against the DUCHESS in this litigation.

In light of the prohibition against nominal damages in admiralty actions, the court's finding that an actual injury was proved, and the applicability of subrogation principles to this case, this court concludes that TPA should not be awarded nominal damages against the DUCHESS.

Although TPA does not state its reasons for seeking nominal damages, it likely seeks such damages in order to be deemed a prevailing party for purposes of recovering its litigation costs from the DUCHESS. Without a damage award, nominal or otherwise, TPA is not a prevailing party and cannot tax its litigation costs against the DUCHESS.

This may seem a harsh result in view of the fact that TPA initiated this litigation and took a lead role in the case against the DUCHESS. However, it is noted that TPA recovered significantly more in insurance proceeds from Westchester than this court determined was allocable to the damage to the pier caused by the DUCHESS. Viewed in this context, the requirement that TPA pay its own litigation costs is not unjust.

---

**3.** Although this court's search of maritime cases did reveal some nominal damage awards, these awards were based upon state contract or tort law rather than federal admiralty law. *See, e.g., Ondine Shipping Corp. v.*

*Cataldo,* 24 F.3d 353, 356 (1st Cir.1994) (Rhode Island law recognized nominal damages when claimant failed to prove amount of damage to yacht).

For the foregoing reasons, TPA's motion to amend the judgment (Dkt.194) is **DENIED.**

*TPA's Motion for Costs*

Following the entry of the initial judgment in favor of TPA and Westchester, TPA moved to tax its costs against the DUCHESS.

In light of the amended judgment awarding the damages to Westchester as TPA's subrogee, and in light of the court's denial of TPA's motion for nominal damages, TPA is not a prevailing party.

Accordingly, TPA's motion to tax costs is **DENIED.** *See* Fed.R.Civ.P. 54(d).

It is **ORDERED** that:

(1) Tampa Port Authority's Motion to Alter or Amend Judgment (Dkt.194) is **DENIED.**

(2) Tampa Port Authority's Motion to Tax Costs (Dkt.176) is **DENIED.**